# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-246-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. **JASON MCGUIRE,**
2. **TIMOTHY STILLER,**
3. **JUSTIN GAY,**
4. **WESLEY SCOTT TUCKER,**

        Defendants.

---

## DEFENDANTS' JOINT MOTION FOR DISCLOSURE OF
## RULE 801(d)(2)(E) EVIDENCE AND REQUEST FOR A *JAMES* HEARING

---

All defendants, by and through undersigned counsel, respectfully move this Court: (1) to conduct a *James* hearing in advance of trial to rule on the admissibility of all out-of-court statements by alleged co-conspirators that the government intends to offer pursuant to Federal Rule of Evidence 801(d)(2)(E), consistent with *United States v. James*, 590 F.2d 575, 581–82 (5th Cir. 1979), and *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994); and (2) to require the government to disclose all statements that it intends to offer at trial pursuant to Rule 801(d)(2)(E) in advance of the *James* hearing.

Defendants recognize that motions for a *James* hearing are typically filed with other pretrial motions, the deadline for which is September 26, 2022. But because of the complexity of the charge and the importance and volume of alleged co-conspirator statements, Defendants

respectfully request that the Court conduct a pretrial *James* hearing well in advance of the deadline. Defendants propose holding the hearing approximately eight weeks before the trial, which is scheduled to begin on October 31, 2022. ECF No. 89. We have conferred with the government, which does not oppose the *James* log and hearing schedule proposed by Defendants in this motion. Given the number of attorneys involved in this matter, we have conferred with all parties about a possible date for the hearing and respectfully propose Wednesday, September 7, if that date is convenient for the Court's schedule.

This motion has no impact on the Speedy Trial clock or any other existing deadlines.

## **INTRODUCTION**

Defendants are charged with participating in an eight-year price-fixing and bid-rigging conspiracy in the broiler chicken industry in violation of the Sherman Act, 15 U.S.C. § 1. The document discovery is staggering: the government has produced more than 15 million documents to date and is continuing to produce more in advance of trial. Given the complexity of the charge and the volume of alleged co-conspirator statements that the government is expected to offer in evidence, this case is a paradigmatic example of why the Tenth Circuit has "repeatedly" expressed a "strong preference" for determining the admissibility of alleged co-conspirator statements under Rule 801(d)(2)(E) in advance of trial via *James* proceedings. *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007). Defendants therefore move for a *James* hearing, and the government does not oppose holding a hearing substantially before trial on the schedule proposed in this motion.

It is especially vital in this case that the government provide advance notice of the alleged co-conspirator statements that it intends to offer pursuant to Rule 801(d)(2)(E). *United States v.*

2

*Penn et al.*, 20-cr-152 (PAB) (D. Colo.) ("*Penn*"), a related case charging the same conspiracy at issue here, has made clear that the government's proof relies heavily on facially legal, ordinary-course business communications that the government claims were made in furtherance of the alleged conspiracy. The government is expected to offer many such statements without a sponsoring witness to explain them or link them to the charged conspiracy. Whether the statements are in fact admissible is a complex, statement-by-statement inquiry, requiring an examination of related documents and communications. Addressing whether the statements are admissible for the first time at trial, without notice, would prejudice Defendants and risk significant delays. A *James* hearing is meant to avoid these exact problems. Accordingly, there is no question that a *James* hearing is warranted in this case, as is pretrial notice of all statements that the government seeks to introduce under Rule 801(d)(2)(E).

## STATEMENT OF FACTS

Defendants are charged in a one-count Indictment with conspiracy to restrain trade in violation of the Sherman Act, 15 U.S.C. § 1. The Indictment alleges an eight-year conspiracy to rig bids and fix prices in the broiler chicken industry. The charged conduct dates back ten years and involves fourteen different alleged instances of conspiratorial conduct relating to numerous companies and dozens of individuals, many of whom have not been charged. *See* ECF No. 1 ¶¶ 60–143. The government has represented that the conspiracy charged in this Indictment is the same as the conspiracy charged in *Penn* and has made virtually identical document productions of over 15 million documents containing thousands of statements by individuals whom the government contends are co-conspirators. Based on the *Penn* case, it is plain that the government

3

will claim that Defendants conspired with the individuals charged in *Penn*, as well as uncharged individuals, in furtherance of the alleged antitrust conspiracy. *See Penn*, ECF No. 559 at 7–9.

It is further apparent that the government intends to rely heavily on statements made by alleged co-conspirators that it claims are admissible under Rule 801(d)(2)(E). In *Penn*, the government initially offered over 300 co-conspirator hearsay statements under Rule 801(d)(2)(E), and the Court conducted a lengthy *James* hearing. *Penn*, ECF No. 559 at 20–49. Moreover, since the *James* hearing in *Penn*, the government has attempted to supplement its *James* log with additional documents, both during the first trial and in advance of each retrial. Absent a specific justification for the government's failure to include the supplemental exhibits in its initial *James* log or other exceptional circumstances, Chief Judge Brimmer has "not permit[ed] the government to add exhibits to the *James* log that were available to the government before the *James* hearing." *Penn*, ECF No. 1050 at 10; *see id.* at 7; *see also Penn*, ECF No. 1353 at 6–7.

## APPLICABLE LAW

"Under Tenth Circuit law, a district court can only admit coconspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a predicate conspiracy through trial testimony or other evidence." *Townley*, 472 F.3d at 1273 (quotation marks omitted). The Circuit has made clear that "[t]he strongly preferred order of proof in determining the admissibility of an alleged coconspirator statement is first to hold a '*James* hearing[.]'" *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994) (citation omitted). "The reason for this preference is that if the court provisionally admits a statement [at trial] with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect

up.'" *Id.* The Tenth Circuit has "repeatedly" emphasized this "strong preference for *James* proceedings" to determine the admissibility of alleged co-conspirator statements. *Townley*, 472 F.3d at 1273 (quotation marks omitted).

The purpose of a *James* hearing is to determine whether alleged co-conspirator statements are admissible against all of the defendants under Federal Rule of Evidence 801(d)(2)(E). In order for a co-conspirator statement to be admissible, the government must prove by a preponderance of the evidence that: (1) the "conspiracy existed;" (2) "the declarant and the defendant were both members of the conspiracy;" and (3) "the statements were made in the course of and in furtherance of the conspiracy." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). "Evidence showing a defendant's involvement in a conspiracy may include the co-conspirator statements themselves, but there must also be some independent evidence beyond those statements that links the defendant to the conspiracy." *United States v. Brewington*, No. 15-cr-00073-PAB, 2018 WL 1411274, at *2 (D. Colo. Mar. 21, 2018) (citing *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996)).

To establish the existence of the alleged conspiracy, the government must prove to the Court by a preponderance of the evidence that: (1) "there was an agreement to violate the law;" (2) the "declarant knew the essential objectives of the conspiracy;" (3) "the declarant knowingly and voluntarily took part in the conspiracy;" and (4) "the coconspirators were interdependent." *United States v. Rutland*, 705 F.3d 1238, 1249 (10th Cir. 2013). To demonstrate interdependence, the government must show "a *shared*, single criminal objective, not just similar or parallel objectives between similarly situated people." *United States v. Cushing*, 10 F.4th 1055, 1066 (10th Cir. 2021) (quotation marks omitted).

# ARGUMENT

Following the Circuit's preferred practice of holding a *James* hearing is particularly important in this case. Defendants expect that the government will seek to offer hundreds of alleged co-conspirator statements, many without a sponsoring trial witness to explain the meaning of those statements and connect them to the alleged conspiracy. Defendants need pretrial notice of those statements (many memorialized in documents) to allow for adequate time to test the government's assertion that the statements were made by alleged co-conspirators in furtherance of the conspiracy. Similarly, it is apparent from *Penn* that the government's case requires the jury to infer a criminal conspiracy from facially legal communications, many of which have no apparent connection to the allegations in the Indictment. Pretrial notice of those statements is critical to allow Defendants time to analyze the statements and related discovery to place them in their proper context.

   a. **The large volume of document discovery and co-conspirator statements favor holding a *James* hearing and requiring the government to identify all Rule 801(d)(2)(E) statements in advance of trial.**

The sheer volume of document discovery and alleged co-conspirator statements likely to be at issue in this trial demonstrates the necessity of a *James* hearing. The government's massive document production includes thousands of statements by alleged co-conspirators. It is essential that the government disclose in advance of trial each statement that it seeks to offer under Rule 801(d)(2)(E) so that Defendants have fair notice of the alleged co-conspirator statements being offered against them and so that the Court can evaluate whether the statements meet the Rule's requirements. Indeed, in *Penn*, the government initially included in its *James* log over 300

statements that it contended were admissible under Rule 801(d)(2)(E), *Penn*, ECF No. 559 at 20–49, and has sought to supplement its original *James* log numerous times since then.

The government has stated that it opposes being required to identify all co-conspirator statements in advance of trial, reserving the right to offer an unspecified volume of additional co-conspirator statements up to and during trial. The government's unwillingness to commit to the statements in a *James* log is unreasonable. This will be the government's fourth trial involving the alleged conspiracy, and it has been aware of Defendants for years, naming two by pseudonym in June 2020 in the *Penn* Indictment, and the other two by pseudonym in October 2020 in the *Penn* Superseding Indictment. *Penn*, ECF No. 1 ¶¶ 15–16; *Penn*, ECF No. 101 ¶¶ 24–25. Further, evidence involving all four Defendants has been presented at the three *Penn* trials. The government has had more than enough time to assemble its case, and Defendants will be prejudiced if the government belatedly attempts to offer new Rule 801(d)(2)(E) statements on the eve of trial or during trial.

Indeed, recognizing the importance of pretrial notice of co-conspirator statements, Chief Judge Brimmer held the government to the exhibits in its *James* log. In connection with the first trial, Chief Judge Brimmer repeatedly denied the government's "untimely" attempts to offer additional documents containing Rule 801(d)(2)(E) statements that could have been offered at the original *James* hearing but were not, in part because the "defendants were not able to cross-examine" the agent who testified at the *James* hearing about the new exhibits. *Penn*, ECF No. 558 at 2; *see also, e.g.*, *Penn* Cert. Trial Tr. 1798, 2711–12. The government has also sought to add new exhibits to its *James* log in advance of each retrial. *See Penn*, ECF Nos. 941, 1272. Other than in changed circumstances, the Court has adhered to its practice of "not permit[ting] the

government to add exhibits to the *James* log that were available to the government before the *James* hearing." *Penn*, ECF No. 1050 at 10 (second trial); *see Penn*, ECF No. 1353 at 7 (third trial). This Court should do the same.

      **b.**     **A binding *James* log is especially important because the government will likely seek to admit alleged co-conspirator statements without any trial testimony tying those statements to the charged conspiracy.**

At trial, the government will likely move to admit many Rule 801(d)(2)(E) statements without calling a witness to testify about those statements, rendering pretrial determinations about the admissibility of those statements all the more important to ensure that the government has met its burden under the Rule. In all three *Penn* trials, the government has sought to admit dozens of exhibits without a sponsoring witness, meaning that there was no testimony concerning the meaning or context of many of the documents shown to the jury. Many of those unsponsored exhibits were deemed admissible under Rule 801(d)(2)(E) based on the government's *James* log. *See Penn*, ECF Nos. 793 at 2, 825, 937, 1378. The fact that there will likely be no trial testimony connecting alleged co-conspirator statements to the charged conduct makes a *James* hearing— with advance notice of the statements that the government intends to offer—even more critical. Otherwise, Defendants will not have a meaningful ability to make their factual and legal challenges to the admissibility of those statements.

      **c.**     **Because the government's case requires the jury to infer a criminal conspiracy based on ordinary business communications, it is critical for the Court to determine pretrial whether the hearsay statements were made in furtherance of the alleged conspiracy.**

At trial, the government will ask the jury to infer the existence of an antitrust conspiracy from the fact that certain employees of competitors exchanged information with each other. But "[m]ere exchanges of information, even regarding price, are not necessarily illegal, in the absence

of additional evidence that an agreement to engage in unlawful conduct resulted from, or was a part of, the information exchange." *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 859 (10th Cir. 1999); *see United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 475 (10th Cir. 1990). That is because "[t]he exchange of price data and other information among competitors does not invariably have anticompetitive effects; indeed, such practices can in certain circumstances increase economic efficiency and render markets more, rather than less, competitive." *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n.16 (1978). Accordingly, the Supreme Court has "held that such exchanges of information do not constitute a *per se* violation of the Sherman Act." *Id.*

Many of the government's proffered Rule 801(d)(2)(E) statements in *Penn* are business communications between or among employees of chicken suppliers, including facially legal information exchanges that were not made in furtherance of any purported conspiracy. These routine business communications do not constitute or evince price-fixing. Given that the government's proof relies heavily on such evidence, the Court's gatekeeping function of "carefully ascertain[ing] the nature and extent of a conspiracy" and whether the statements were made in furtherance of the alleged conspiracy is especially vital. *United States v. Perez*, 989 F.2d 1574, 1579 (10th Cir. 1993).

          **d.**       **Ascertaining pretrial the scope of the single conspiracy charged is critical because the government's allegations concern unrelated episodes that span many years.**

The risk of prejudice absent pretrial disclosure of co-conspirator statements under Rule 801(d)(2)(E) is especially high in this case because the government has charged a conspiracy containing fourteen distinct episodes spanning many years (in addition to other uncharged episodes), allegedly involving individuals who worked for numerous different companies.

At a *James* hearing, the government will need to show by a preponderance of the evidence that the disparate episodes constitute a *single* conspiracy that each defendant and hearsay declarant knowingly joined. For example, the government will need to show that conversations in 2013 about a fast-food restaurant's request for reduced-weight chicken were linked under a single agreement to a nationwide food distributor's 2016 request to renegotiate the terms of its line of credit. The government will also need to show *what* the agreement was that linked all the episodes. A *James* hearing is necessary to ensure that the government has met its burden.

If the Court provisionally admits co-conspirator statements at trial without first holding a *James* hearing, Defendants face a severe risk of undue prejudice if the evidence ultimately does not "connect up" and the jury hears inadmissible evidence. *Urena*, 27 F.3d at 1491. Given the sprawling nature of the charged conspiracy, failure to disclose all alleged co-conspirator statements before trial will prejudice Defendants and cause repeated trial delays.

Accordingly, consistent with the schedule set by Chief Judge Brimmer in *Penn*, Defendants respectfully request that a *James* hearing be conducted approximately eight weeks in advance of trial. As to a briefing schedule, Defendants ask that the Court order the government to disclose three weeks in advance of the hearing all statements that it will seek to admit at trial under Rule 801(d)(2)(E) in the form of a *James* log, the referenced exhibits, and an accompanying brief, and require Defendants to file their responses to the government's *James* log and brief two weeks after the government's submission. We have conferred with the government, which does not oppose the *James* log and hearing schedule proposed here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully and jointly move for pretrial disclosure of each alleged co-conspirator statement that the government intends to offer under Rule 801(d)(2)(E) and a *James* hearing regarding the admissibility of those statements approximately eight weeks in advance of trial. We have conferred with all parties and respectfully propose September 7 as a possible date for the hearing if it is convenient for the Court.

Respectfully submitted,

LANKLER SIFFERT & WOHL LLP

By:   *s/ Michael Gerber*
       Michael Gerber
       500 Fifth Avenue
       New York, NY 10110
       Telephone: (212) 921-8399
       Fax: (212) 764-3701
       mgerber@lswlaw.com

*Attorney for Defendant Justin Gay*

*/s/ D. Jarrett Arp*

D. Jarrett Arp
Davis Polk & Wardwell LLP
901 15th St, NW
Washington, DC 20005
(202) 962-7150
jarrett.arp@davispolk.com
*Attorney for Defendant Jason McGuire*

*/s/ Kristen M. Frost*
Kristen M. Frost
Ridley McGreevy & Winocur PC-Denver
303 16th Street, Suite 200
Denver, CO 80202
(303) 629-9700
frost@ridleylaw.com
*Attorney for Defendant Timothy Stiller*

*/s/ Jackson Roger Sharman, III*
Jackson Roger Sharman, III
Lightfoot Franklin & White, LLC
400 20th Street North
Birmingham, AL 35203-3200
(205) 581-0700
jsharman@lightfootlaw.com
*Attorney for Defendant Wesley Scott Tucker*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that, on June 28, 2022, I caused the foregoing document to be electronically filed with the Clerk of Court for the United States District Court for the District of Colorado by using the CM/ECF system, which will serve electronic notifications of this filing on all counsel of record.

Respectfully submitted,

*/s/ Rebecca J. Chandler*
Rebecca J. Chandler
Lankler Siffert & Wohl LLP
500 Fifth Avenue
New York, NY 10110
(212) 921-8399
lrahdert@lswlaw.com

*Attorney for Defendant Justin Gay*