IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JASON MCGUIRE,
2.     TIMOTHY STILLER,

      Defendants.

## JOINT MOTION TO COMPEL THE GOVERNMENT TO IMMEDIATELY DISCLOSE GRAND JURY MATERIAL TO DEFENSE COUNSEL

      Jason McGuire, by and through D. Jarrett Arp and Tatiana Martins of Davis Polk Wardwell, and Timothy Stiller[1], by and through Kristen Frost and Patrick Ridley of Ridley McGreevy Winocur, respectfully move this Court to issue an order directing the government to immediately disclose the grand jury transcripts related to the Superseding Indictment. The defense respectfully requests that the Court order disclosure within three days of the entry of the requested order. As grounds in support, Mr. McGuire and Mr. Stiller state as follows:

      1.     The original Indictment in this case was filed on July 28, 2021. ECF No. 1. Less than one month later, the government, in response to defendants' request, filed a *Motion to Disclose Grand Jury Material To Defense Counsel*. ECF No. 60. The government's motion requested leave to disclose the grand jury material underlying this case, and also the same material for the two other cases involving the same alleged conspiracy. *United States v. Penn*, *et al.*, 20-

---

[1] The caption in this Motion includes only Jason McGuire and Timothy Stiller because an Unopposed Motion to Dismiss Count 1 Without Prejudice as to Defendants Gay and Tucker (ECF No. 124) was filed on August 5, 2022.

cr-000152-PAB and *United States v. Norman W. Fries, Inc. et al,* 21-CR-00168-RM. *Id.* at ¶5. Consistent with the plain language of Fed. R. Crim. Pro. 6(e)(3)(E)(i), the government's motion was granted. ECF No. 69.

2. On July 12, 2022, a Superseding Indictment was filed in this case. ECF No. 102. Once again—and consistent with long-standing practice in this District— the defendants requested that the government disclose the grand jury materials underlying the Superseding Indictment, just like the government has done in this case and all of the other related cases in this District. This time, however, and with the October 31, 2022 trial date looming, the government has declined to do so. Despite being required to disclose the requested information pursuant to the discovery memorandum in this case, ECF No. 41 ¶ 3, the government now suggests that any grand jury transcript is "*Jencks*" material that need not be disclosed now, and perhaps need never be disclosed, *see* Exhibit A (containing email correspondence between defendants and DOJ).

3. To the extent the government now claims that it will not disclose or will disclose the grand jury materials at an unspecified later date, that position is contradictory to that previously taken by the Antitrust Division in this case and other related cases, as well as in the motions the government has filed and based on its conduct in timely producing grand jury transcripts repeatedly in other similar situations. Such a position also contradicts the discovery conference memorandum in this case that orders the government to "permit the defendant to inspect and copy such statements." ECF No. 41 ¶ 3.

4. The Court's prior order authorizing disclosure of grand jury materials underlying the original Indictment applies to the new grand jury transcripts underlying the government's decision to bring a Superseding Indictment. ECF No. 68. This Court is authorized to direct the government to disclose grand jury materials at a time and place of its choosing and need not wait for a motion by the government. *See* Fed. R. Crim. Pro. 6(e)(3)(E)(i) (the "court may authorize

disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding."). As the government previously has acknowledged, "[t]he pending case against the defendant is a 'judicial proceeding' and the requested disclosure is 'in connection with' such proceeding." ECF No. 60 at 1-2.

5.  Accordingly, and because the grand jury proceedings and the related transcripts and exhibits remain secret, *see* Fed. R. Crim. P. 6(e), defendants request that this Court enter an order directing the government to immediately disclose the grand jury material underlying the Superseding Indictment on the same conditions that the government itself previously proposed. Namely, that the disclosure of "grand jury material in this case. . . be allowed only for purposes of defending this case; that such disclosure be made to the defendants and their counsel only; that such transcripts and exhibits be maintained in defense counsel's custody; that such materials not be reproduced or disseminated; and that such materials be returned to the United States at the end of this case." ECF No. 60 at ¶ 5.

6.  Rule 6 of the Federal Rules of Criminal Procedure permits courts to "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Rule 6 also permits the disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "[T]he disclosure of sealed grand jury materials is 'committed to the discretion of the trial judge.'" *Carlson v. United States*, 837 F.3d 753, 761 (7th Cir. 2016) (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959)). "A party seeking disclosure of the grand jury transcripts must demonstrate a 'particularized need' for the disclosure." *United States v. Perez,* 67 F.3d 1371, 1381 (9th Cir. 1995) (citing *Dennis v. United States,* 384 U.S. 855, 870 (1966); *United States v. Walczak,* 783

3

F.2d 852, 857 (9th Cir. 1986)).

7. "The standards the trial court should apply in granting disclosure of the grand jury transcripts are (1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *Perez,* 67 F.3d at 1381 (internal quotations and citations omitted). *See also Douglas Oil Co. v. Petrol Stops Nw.,* 441 U.S. 211, 222 (1979).

8. Here, there is no question that these standards have been satisfied for several reasons. First, the historical and accepted practice in this District is that the government provide grand jury transcripts almost immediately, or shortly after, an indictment is filed. Second, the same Antitrust Division prosecutors who have prosecuted the defendants in the *Penn* case and who are still prosecuting the defendants in this case and the *Norman Fries, Inc.* case have adhered to that practice in this case and the other cases. For example, in *Penn,* the government disclosed the grand jury transcripts shortly after the motion to disclose those materials was granted.[2] The same has been true in this case and in another antitrust trial that occurred in this District earlier this year in *United States v. DaVita Inc. et al,* 1:21-cr-00229-RBJ, that was also prosecuted by the Antitrust Division.[3] There is no justifiable reason for the government to deviate from that practice now in

---

[2] In *Penn,* the motion to disclose grand jury transcripts was filed and granted on the same day, July 22, 2022. ECF No. 87. It is our understanding that the government disclosed the grand jury transcripts shortly thereafter on August 3, 2020. After the Superseding Indictment in *Penn,* the same thing occurred. The motion to disclose grand jury transcripts was filed and granted on the same day, November 16, 2020. ECF No. 196. The government disclosed the grand jury transcripts shortly thereafter on December 2, 2020.

[3] In this case, after the original Indictment, this Court granted the government's motion to disclose the grand jury transcripts on September 22, 2021. ECF No. 68. The government shortly thereafter produced the grand jury transcripts to the defense on October 4, 2021. Further, in another recent antitrust criminal case that occurred in Denver, *United States v. DaVita Inc. et al,* 1:21-cr-00229-RBJ**,** the government also immediately produced the grand jury transcripts in a timely manner. All of these disclosures have been made without any objection from the government or any argument that the grand jury transcripts are Jencks materials.

this case.

9. Third, the government signed on to and agreed upon a discovery conference memorandum where it obligated itself to disclosure of the exact materials at issue in this motion. ECF No. 41 ¶ 3. That discovery conference memorandum was agreed upon on August 11, 2021 at the initial arraignment that occurred after the original Indictment, and the government was present in court for that arraignment. Moreover, this case has been pending for more than a year and the Superseding Indictment is based on alleged conduct that the government was fully aware of even before the original Indictment was filed. Yet, the Superseding Indictment was handed down only three months before the scheduled trial of this case. Accordingly, this Court should exercise its authority under Rule 6 to require the government to disclose the requested material within three days of its order.

10. Finally, and notably, the new grand jury transcripts are not simply Jencks Act materials, as suggested by the government. Rather, these transcripts likely contain exculpatory evidence and impeachment evidence related to the new charges in Counts Two, Three and Four and the government must disclose this evidence immediately pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972) and its progeny. The Superseding Indictment charges Mr. Stiller with witness tampering and obstruction of evidence based on the testimony of its main cooperator, Mr. Robert Bryant. To date, the government has not produced any evidence corroborating Mr. Bryant's purported recollection of certain statements by Mr. Stiller that form the only basis for the new counts. The lack of any evidence presented to the grand jury other than Mr. Bryant's testimony is itself exculpatory given that Mr. Bryant's credibility, or lack thereof, will be one of the most significant issues in this case.

11. As the government has previously observed, "[t]he Court's decision on this motion will have no effect on the speedy trial clock." *Id.*

WHEREFORE, the defendants respectfully request that the Court enter an order directing the government to disclose the relevant grand jury transcripts to the defendants and their counsel on the terms and conditions outlined above, and to do so within three days of the entry of the requested order.

Respectfully submitted this 8th day of August, 2022.

/s/ Kristen M. Frost
Patrick L. Ridley (17022)
Kristen M. Frost (37685)
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Fax: (303) 629-9702
Email: ridley@ridleylaw.com
       frost@ridleylaw.com
*Attorneys for Mr. Stiller*

/s/ D. Jarrett Arp
D. Jarrett Arp
Tatiana Martins
Davis Polk & Wardwell LLP
901 15th St, NW
Washington, DC 20005
Telephone: (202) 962-7150
Email:  jarrett.arp@davispolk.com
        tatiana.martins@davispolk.com
*Attorneys for Mr. McGuire*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III (A) (1).

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of August, 2022, I served a true and correct copy of the foregoing **JOINT MOTION TO COMPEL THE GOVERNMENT TO IMMEDIATELY DISCLOSE GRAND JURY MATERIAL TO DEFENSE COUNSEL** electronically with the clerk of the court via the CM/ECF system to all interested parties.

**Michael Thomas Koenig**
U.S. Department of Justice-DC-Antitrust Division
450 Fifth Street NW
Washington, DC 20530
202-616-2165
Email: Michael.Koenig@usdoj.gov

**Sara Michelle Clingan**
U.S. Department of Justice-DC-450 5th Street
450 5th Street N.W.
Washington, DC 20530
202-480-1951
Email: sara.clingan2@usdoj.gov

**Daniel Loveland**
U.S. Department of Justice-DC-450 5th Street
450 5th Street N.W.
Washington, DC 20530
202-476-0453
Email: daniel.loveland@usdoj.gov

**Yixi Cecilia Cheng**
U.S. Department of Justice-DC-950 Pennsylvania Avenue
Robert F. Kennedy Building
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
202-705-8342
Email: yixi.cheng@usdoj.gov
*Attorneys for the United States*

**Laura Butte**
U.S. Department of Justice-DC-450 5th Street
450 5th Street N.W.
Washington, DC 20530
202-598-6080
Email: laura.butte@usdoj.gov

/s/ Scott Widney
Scott Widney
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, Colorado  80202
Telephone: (303) 629-9700
Fax: (303) 629-9702
Email widney@ridleylaw.com