IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(1) JASON McGUIRE; and
(2) TIMOTHY STILLER,

    Defendants.

## ORDER ON MOTIONS

The two defendants remaining in this case have asked me to order the government to provide them a bill of particulars under Federal Rule of Criminal Procedure 7(f) (Doc. 92) and to disclose certain grand-jury material from related criminal cases in this District (Doc. 126). The defendants also ask for an extension of time to file a motion to sever the new counts of the Superseding Indictment. (Doc. 127.) For the following reasons, I grant the motion for a bill of particulars, deny the motion to compel production of grand-jury material, and grant in part the motion for an extension of time.

### BILL OF PARTICULARS

This is only one of a number of cases the government is pursuing based on the same alleged conspiracy. Before the indictments in this case were dismissed against two now-former co-defendants, all four defendants argued that the government's conduct in two trials in a related case in front of another judge in this District, each resulting in mistrials,

justified a clarification of just what conduct is at issue here. Now there are only two remaining defendants in this case, a Superseding Indictment, and the third trial in the related case resulted in acquittal of all the defendants remaining in that case. Nevertheless, the government persists. The defendants remaining in this case are due some clarification.

A bill of particulars produced under Federal Rule of Criminal Procedure 7(f) is not a discovery device. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). The defendants appear to understand this, asking only for "a list of the episodes that the government will rely upon at trial." (Doc. 92 at 12.) Having taken a closely related case to trial three times, the government is well-positioned to provide such an explanation.

The government argues that Chief Judge Brimmer denied a series of motions for bills of particulars in the related case. The motions there asked for much more specific information tantamount to a disclosure of precise legal theories. Defendants here do not ask for specific legal theories; their motion seeks only "sufficient detail" about "the particular acts or events that the government will cite at trial as establishing the crime." *See Dunn*, 841 F.2d at 1029 (quoting 2 LaFave and Israel, *Criminal Procedure* § 19.2(f) (1984)). I find that this is appropriate here in order to ensure that the defendants are properly able to "prepare a defense and avoid prejudicial surprise at trial." *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980).

## GRAND-JURY MATERIAL

The defendants are not entitled to the requested grand-jury transcripts. The transcripts of a prospective or actual government witness are not subject to discovery or inspection until that witness has testified on direct examination in the trial of the case. 18. U.S.C. § 3500(a). The

government might have been willing to provide these transcripts until mid-July (Doc. 126-1 at 6) and has represented that it is willing to produce relevant grand jury transcripts "well in advance of the deadlines" set out in the statute (Doc. 128 at 1). Federal Rule of Criminal Procedure 6(e)(3)(E)(i) authorizes the government to produce additional grand-jury material, but it does not obligate the government to do so, or authorize me to require it.

Grand-jury material is presumptively non-disclosable unless a party demonstrates a "particularized need" for the disclosure. *In re Lynde*, 922 F.2d 1448, 1451-52 (10th Cir. 1991). This burden is different than ordinary discovery obligations. *Id.* at 1453-54. Defendants seem largely to hope that the transcripts would help them discern the government's trial strategy. This is not an appropriate justification for disclosure of grand-jury transcripts, and the defendants' concerns should be somewhat mitigated by the grant of their motion for a bill of particulars.

Defendants contend that the transcript of Robert Bryant's testimony may be subject to disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and that the government already agreed to disclosure in the Discovery Memorandum. (Doc. 126 ¶¶ 9-10.) The government agreed to disclose the defendants' own transcripts, not those of defendants in other cases. And the government is aware of its *Brady* and *Giglio* obligations, and the serious consequences should it fail to live up to those obligations. Defendants have provided no reason to doubt that the government is complying with its constitutional discovery obligations whose violation carries heavy penalties.

## MOTION TO SEVER DEADLINE

The defendants request additional time to file a motion to sever the new charges, Counts 2 through 4, contained in the Superseding Indictment. Given the rulings above and the change in the posture of this case, their motion is granted in part. Any motion to sever or additional briefing required on the Speedy Trial Act calculations for each defendant will be due seven days after the production of a bill of particulars.

## CONCLUSION

It is ORDERED that:

Defendants' Joint Motion for a Bill of Particulars (Doc. 92) is GRANTED. The government must provide the defendants with such a document by August 19, 2022;

Defendants' Joint Motion to Compel the Government to Immediately Disclose Grand Jury Material to Defense Counsel (Doc. 126) is DENIED; and

Defendants' Joint Motion to Amend This Court's Order Regarding Superseding Indictment and Joint Status Report [ECF No. 119] (Doc. 127) is GRANTED IN PART. The defendants may file a motion to sever Counts 2 through 4 of the Superseding Indictment within seven days of the government's production of a bill of particulars. Any response must be filed within two weeks of the motion, and any reply must be filed within one week of the response.

DATED: August 12, 2022                    BY THE COURT:

                                          Daniel D. Domenico
                                          United States District Judge