**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**1.**     **JASON MCGUIRE**
2.     TIMOTHY STILLER

     Defendants.

---

**DEFENDANT MCGUIRE'S MOTION TO SEVER COUNTS TWO, THREE, AND FOUR**

---

     Defendant Jason McGuire, through undersigned counsel, respectfully requests, pursuant to Federal Rule of Criminal Procedure 14, that this Court sever, and separately try, Count One of the Superseding Indictment from Counts Two through Four of the Superseding Indictment.

## INTRODUCTION

     On July 28, 2021, Defendants McGuire and Stiller were charged in a one-count indictment with conspiracy to violate the Sherman Act, 15 U.S.C. § 1. *See* ECF No. 1.[1]  Nearly a year later, on July 12, 2022, the government filed a Superseding Indictment, ECF No. 102, adding Counts Two through Four, which charged only Mr. Stiller with witness tampering and obstruction of an official proceeding, in violation of 18 U.S.C. § 1512 (the "Obstruction Counts").  Mr. McGuire is not alleged to have had any knowledge of or involvement in the

---

[1] Two additional individuals, Justin Gay and Wesley Scott Tucker, were indicted on Count One but have since been dismissed on the government's motion.  ECF Nos. 124, 132.

alleged obstruction and witness tampering underlying the Obstruction Counts, and the Superseding Indictment is nearly identical to the original indictment as it pertains to the Sherman Act count against Mr. McGuire.  *See* Parties' Joint Status Report, ECF No. 115 (July 25, 2022).

The allegations underlying the Obstruction Counts are highly prejudicial to Mr. McGuire, and a single trial of all counts would create a serious risk of jury confusion by requiring introduction of evidence relating to civil litigation involving separate allegations and theories that are irrelevant and prejudicial to this case—and which were excluded for that very reason from the trials in the *Penn* case.  Further, in a separate motion, Defendant Stiller requests that the court sever Count One for the additional reason that it places Mr. Stiller in the impossible position of having to testify as to some—but not all—of the charges against him, thus violating his Fifth Amendment right, and because he requires additional time to prepare for trial on the new counts.  For these reasons, justice requires a separate trial of Mr. Stiller on Counts Two through Four.[2]

## STATEMENT OF FACTS

### *McGuire Proceedings*

On July 28, 2021, Defendants, who are former employees of Pilgrim's Pride Corporation ("Pilgrim's"), were charged in a one-count indictment with participating in a conspiracy to rig bids and fix prices in the broiler chicken industry, in violation of the Sherman Act, 15 U.S.C. § 1.

---

[2] Mr. McGuire separately filed a motion to dismiss and, in the alternative, to sever from Mr. Stiller with respect to Count One on the basis of Mr. McGuire's statute of limitations defense. ECF No. 79 (Feb. 7, 2022).  Defendant McGuire has renewed that motion to dismiss or sever with respect to the Superseding Indictment.  *See* ECF No. 115.  In the event the Court does not dismiss the Indictment as to Mr. McGuire, or sever Mr. McGuire's trial entirely from Mr. Stiller's trial, Mr. McGuire makes the current motion in the alternative to sever Counts 2–4.

#96010982v12

*See* ECF No. 1.  The Indictment identifies fourteen "episodes" of alleged conspiratorial conduct between 2012 and 2019.  *Id.*  Pursuant to the Court's order, the government has filed a Bill of Particulars identifying nine episodes for which it plans on introducing evidence at trial.  ECF No. 136 (Aug. 15, 2022).  Mr. McGuire left his employment at Pilgrim's in May 2016 and is not alleged to have been involved in any of the episodes that post-date his resignation from Pilgrim's.  *See* Superseding Ind. ¶ 96 (latest allegation against McGuire dated Aug. 20, 2014); McGuire's Mot. to Dismiss on Statute of Limitations Grounds, ECF No. 79.

On July 12, 2022, the government filed the Superseding Indictment, adding Counts Two through Four only against Mr. Stiller.  ECF No. 102.  Count Two (Witness Tampering) alleges that, in or around January 2018, Mr. Stiller "directed and suggested that [Robbie Bryant] review and withhold documents collected by [Robbie Bryant] in connection with federal antitrust litigation proceeding before a federal court in the Northern District of Illinois."  Superseding Indictment ¶ 147.  Count Three (Witness Tampering) alleges that, in or around April 2021, i.e., over two years after the conspiracy is alleged to have ended, Mr. Stiller "instructed [Robbie Bryant] to 'get his story straight' and to 'own' a 2017 contract negotiation when [Robbie Bryant] spoke with attorneys from the United States Department of Justice" concerning potential antitrust violations.  Superseding Indictment ¶ 149.  Count Four (Obstruction of an Official Proceeding) alleges that, sometime between June 2018 and February 2019, Mr. Stiller attempted to alter a record or document, specifically by allegedly causing his phone to be placed in water.  Superseding Indictment ¶ 151.

The Obstruction Counts require the government to prove that Mr. Stiller was aware of an "official proceeding" and engaged in conduct with the intent to impair the integrity of that

#96010982v12

official proceeding.  *See* 18 U.S.C. § 1512(d).  The Superseding Indictment alleges that Mr.

Stiller was aware of a civil lawsuit filed against various broiler chicken suppliers alleging several

theories of antitrust liability in the U.S. Court for the Northern District of Illinois (the "Civil

Litigation"), as well as a grand jury investigation into the Sherman Act conduct alleged in Count

One.  Superseding Indictment ¶¶ 147, 149 & 151; *see In re Broiler Chicken Antitrust Litig.*, No.

16-cv-8637 (N.D. Ill.).

Although the government added the Obstruction Charges in the Superseding Indictment

against Mr. Stiller only after five defendants in a related case were acquitted in July 2022, *see*

*infra*, the allegations in those counts are in fact based on statements made by Robert Bryant to

the government over one year earlier, in June 2021—i.e., before the original indictment in this

case was filed on July 28, 2021.  *See, e.g.*, June 15, 2021 FBI 302; June 22, 2021 FBI 302.  In

early July 2021 (again, prior to filing the original indictment in this case), the government

executed a search warrant of Mr. Stiller's house and seized over a dozen electronic devices.

*Penn* ECF No. 769 at 7.  Although over a dozen electronic devices were seized, based on

discovery produced by the government on the Obstruction Counts, none of those devices

contained communications or other information corroborating Mr. Bryant's allegations.

### Penn Proceedings

On October 6, 2020, the government unsealed an indictment against 10 individuals.  *Penn*

ECF No. 101.  According to the government, the conspiracy charged in Count One in *McGuire* is

the same conspiracy charged against the 10 individuals in *Penn*.[3]  In the first *Penn* trial in

_____

[3] *See, e.g.,* ECF No. 83 at 2 (noting that the *Penn* and *McGuire*  cases involve "the same conspiracy to fix prices and rig bids" and "many of the same government attorneys");  ECF No.

#96010982v12

November 2021,[4] the government sought to introduce evidence relating to Mr. Stiller's alleged obstructive conduct purportedly as evidence of the existence of the charged conspiracy.  *Penn*, ECF No. 769.  Judge Brimmer largely excluded the evidence as irrelevant and prejudicial.[5] Judge Brimmer expressed particular concern that the allegations against Mr. Stiller touched on the history of the Civil Litigation, and that introducing such evidence "would open the necessity of bringing in an explanation of all the civil litigation," which would "trigger[] 403 issues" and be "highly problematic."  *Penn*, Nov. 1, 2021 Tr. at 782.  Similarly, in a pretrial ruling, Judge Brimmer precluded the government from presenting evidence of civil proceedings and settlements.  *Penn*, ECF No. 603 at 9–10.

---

97-1 at 9 (citing a jury instruction in *Penn* as "instructing the jury to determine whether a single overarching conspiracy—the same conspiracy charged here—existed"); ECF No. 60 at 10 (referring to "evidence presented regarding the same conspiracy in *Penn*"); ECF No. 60 at ¶ 2 (referencing the *Penn* charges as "charges involving the same conspiracy").

[4] The ten *Penn* defendants proceeded to trial three times before Judge Brimmer.  Neither jury in the first two trials reached a unanimous verdict as to any of the ten defendants, which resulted in mistrials on December 16, 2021, and March 29, 2022, respectively.  *Penn*, ECF Nos. 920, 925, 1231.  The government then dismissed with prejudice the charges against five of the ten *Penn* defendants, and proceeded to a third trial of the remaining five defendants.  On July 7, 2022, the jury acquitted all five defendants.  *Penn*, ECF No. 1425.

[5] Judge Brimmer permitted Mr. Bryant to testify only to the April 2021 conversation alleged in Count Three, in which Mr. Stiller allegedly instructed Mr. Bryant to "own" a 2017 contract negotiation.  *Penn*, Nov. 1, 2021 Tr. at 784–85, 859–60. However, Judge Brimmer precluded the government from introducing any evidence as to the civil litigation and from eliciting testimony from Mr. Bryant regarding other conversations he had with Mr. Stiller about producing documents in response to the civil litigation.  *See id*. 773–87.

## ARGUMENT

**I.     The Court Should Sever Counts Two, Three, and Four to Avoid Unfair Prejudice to Defendant McGuire and the Introduction of Prejudicial, Inadmissible, and Confusing Evidence**

Federal Rule of Criminal Procedure 14 requires severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993). And "a district court has a duty under Rule 14 to 'vigilantly monitor for developing unfairness and [the court] should not hesitate to order severance at any point after indictment if the risk of real prejudice grows too large to justify whatever efficiencies a joint trial does provide.'" *United States v. Jahani*, No. 11-cr-302 (CMA), 2014 WL 6680422 at *6 (D. Colo. Nov. 25, 2014) (quoting *United States v. Coleman,* 22 F.3d 126, 134 (7th Cir. 1994)). Severance is particularly appropriate where a defendant would be prejudiced by evidence that would *not* be admissible against that defendant in a separate trial. *See Zafiro*, 506 U.S. at 539 (recognizing that a "serious risk" meriting severance "might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.").

Mr. McGuire faces the risk of real prejudice were Counts Two, Three, and Four to be tried together with Count One. A joint trial of all four counts would require the introduction of otherwise plainly inadmissible and "highly problematic" evidence, namely the Civil Litigation, which constituted mere allegations against Pilgrim's that were never adjudged, was subject to a different burden of proof, and alleged additional theories of liability irrelevant to the conspiracy

alleged in Count One.[6]  Specifically, the Civil Litigation involves several causes of action against many defendants and alleged multiple theories of liability—including not only a bid-rigging and price-fixing conspiracy but also claims of illegal output restriction and manipulation of the Georgia Dock price index.  These additional civil conspiracy claims are far afield from the allegations in this criminal case, and introduction of such a civil action, which was filed years before the government brought its criminal indictment, would be both prejudicial to Mr. McGuire and confusing to the jury, thus posing a serious risk that such evidence would "prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*, 506 U.S. at 539.

Because such evidence would properly be excluded in a trial on Count One, *see infra*, severance of Counts Two through Four is required under Rule 14 to avoid the introduction of the same prejudicial evidence merely because the government belatedly chose to add the Obstruction Charges against Mr. Stiller in the same indictment.  *See United States v. Maxwell*, 534 F. Supp. 3d 299, 320–21 (S.D.N.Y. 2021) (severing counts of perjury in civil litigation from Mann Act counts in part because the perjury counts "would introduce unrelated allegations" from civil litigation and "potentially expose the jury to a wider swath of information" that was remote from the charged conduct).

Indeed, for this very reason, in *Penn*, Judge Brimmer precluded any reference to the Civil Litigation.  *Penn*, ECF No. 603 at 9–10.  Judge Brimmer likewise precluded the government from eliciting Mr. Bryant's testimony about Mr. Stiller's alleged witness tampering and obstruction in connection with the Civil Litigation because that evidence "would open the

---

[6] The civil litigation is ongoing, and some parties have settled without a final adjudication. *E.g.*, No. 16-cv-8637 (N.D. Ill.), ECF No. 5536.  Further, neither Mr. McGuire nor Mr. Stiller were named as a defendants in that litigation.  *See* No. 16-cv-8637 (N.D. Ill.)

#96010982v12

necessity of bringing in an explanation of all the civil litigation," which would "trigger[] 403 issues" and be "highly problematic." *Penn*, Nov. 1, 2021 Tr. at 782.  In other words, in a trial just on Count One, the government would and should be precluded from making any reference to the litigation and to all evidence underlying the new Obstruction Counts, as this would violate Federal Rules of Evidence 401, 402, and 403.  The Court should not allow the government to introduce evidence that otherwise would not be admissible in a trial against Mr. McGuire on Count One.

Moreover, Mr. McGuire is not alleged to have been involved in or even aware of any of the allegedly obstructive conduct, some of which postdated the end of the alleged conspiracy, and the highly inflammatory nature of the allegations—intimidating witnesses, destroying evidence, etc.— presents a very real risk that evidence underlying these charges would influence the jurors' assessment of not just Mr. Stiller's guilt, but of Mr. McGuire's as well.  *See, e.g., Old Chief v. United States*, 519 U.S. 172, 180 (1997) (evidence is unfairly prejudicial if it has the capacity "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged").  Indeed, all of Mr. Stiller's alleged obstruction occurred years after Mr. McGuire left his employment at Pilgrim's. *See* McGuire's Mot. to Dismiss on Statute of Limitations Grounds, ECF No. 79, at 5–6. The potential prejudice from introduction of such evidence unrelated to Mr. McGuire or his employment at Pilgrim's greatly outweighs whatever probative value that alleged after-the-fact obstructive conduct by Mr. Stiller has in evaluating Mr. McGuire's conduct with respect to Count One.

#96010982v12

**II.    A Separate Trial on the Obstruction Counts Would Not Create Significant Inefficiencies.**

The trial of Count One would not involve evidence of the Civil Litigation, which would require significant time to explain to the jury, nor include testimony of Mr. Stiller.  On the other hand, and conversely, a trial on Counts Two through Four would proceed only against Mr. Stiller and would not require much of the evidence presented in the conspiracy trial.  Instead, the government's case in that trial would turn largely, if not exclusively, on the testimony of just one witness, Robert Bryant, relating to a handful of conversations he had with Mr. Stiller.

We respectfully submit that, given the serious risk of prejudice Mr. McGuire in a joint trial, a separate trial on Counts Two through Four will best ensure fair and expeditious resolution of all charges.

**CONCLUSION**

For the foregoing reasons, Mr. McGuire respectfully requests that the Court sever, and separately try, Count One of the Superseding Indictment from Counts Two through Four of the Superseding Indictment.

#96010982v12

Dated:   August 22, 2022
         Washington, DC

                                  Respectfully Submitted,

                                  DAVIS POLK & WARDWELL LLP

By:     */s/ D. Jarrett Arp*
           D. Jarrett Arp
           Davis Polk & Wardwell LLP
           901 15th St, NW
           Washington, DC 20005
           (202) 962-7150
           jarrett.arp@davispolk.com

           Tatiana R. Martins
           Davis Polk & Wardwell LLP
           450 Lexington Ave
           New York, NY 10017
           (212) 450-4085
           tatiana.martins@davispolk.com

           *Attorneys for Mr. McGuire*

#96010982v12

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) for Criminal Cases.

By:   */s/ D. Jarrett Arp*
      D. Jarrett Arp

11

#96010982v12

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 22nd day of August, 2022, I caused the foregoing document to be electronically filed with the Clerk of Court for the United States District Court for the District of Colorado by using the CM/ECF system, which will serve electronic notifications of this filing on all counsel of record.

Respectfully submitted,

/s/ D. Jarrett Arp
D. Jarrett Arp
Davis Polk & Wardwell LLP
901 15th St, NW
Washington, DC 20005
(202) 962-7150
jarrett.arp@davispolk.com

*Attorney for Mr. McGuire*

#96010982v12