# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-246-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. JASON MCGUIRE,
2. **TIMOTHY STILLER**,

        Defendants.

---

## DEFENDANT TIMOTHY STILLER'S CONDITIONAL MOTION TO SEVER COUNTS TWO, THREE, AND FOUR

---

Defendant Timothy Stiller, through undersigned counsel, respectfully requests that this Court sever, and separately try, Count One of the Superseding Indictment from Counts Two through Four, but only in the event that this Court determines that evidence of allegedly obstructive conduct underlying Counts Two through Four will not be admissible at a trial on Count One alone. As grounds in support, Mr. Stiller states as follows:

### FACTUAL BACKGROUND

On July 28, 2021, four defendants were charged in this case with a single count of violating the Sherman Act, 15 U.S.C. §1. *See* ECF No. 1. The Defendants, all former employees of the same poultry supplier—Pilgrim's Pride Corporation ("Pilgrim's")—allegedly conspired with employees of competing suppliers to fix prices and rig bids of broiler chickens. *Id.* According to

the government, the conspiracy charged in Count One here is the same conspiracy charged in *United States v. Penn*, 20-cr-152 (D. Colo.) (PAB).[1]

Nearly a year later—and only five days after the remaining defendants in *Penn* were found not guilty of participating in the alleged conspiracy—the government filed a Superseding Indictment in this case. ECF No. 102. Only two and a half weeks after the Superseding Indictment was returned, the government moved to dismiss Defendants Tucker and Gay. ECF No. 124.

Counts Two and Three of the Superseding Indictment allege that Mr. Stiller attempted to persuade Robert Bryant, a government witness who testified in all three *Penn* trials pursuant to an immunity agreement, to withhold testimony or documents from an official proceeding in violation of 18 U.S.C. § 1512(b)(2)(A). Count Four charges Mr. Stiller with attempting to destroy one or more cell phones with the intent to impede the investigation and proper administration of an official proceeding in violation of 18 U.S.C. §1512(c)(1) (collectively "Obstruction Counts"). Mr. McGuire is not alleged to have had any knowledge of or involvement in the alleged obstruction and witness tampering conduct underlying the Obstruction Counts.

ARGUMENT

**1. Severance Is Required To Protect Mr. Stiller's 5th Amendment Rights.**

Mr. Stiller has "important testimony to give" concerning the Obstruction Counts and a "strong need to refrain from testifying" on the conspiracy alleged in Count One. *United States v. Valentine*, 706 F.2d 282, 291 (10th Cir. 1983) (quoting *Baker v. United States*, 401 F.2d 958 (D.C.

---

[1] *See, e.g., United States. v. McGuire,* 1:21-cr-00246, ECF No. 97-1 at 9 (citing a jury instruction in *Penn* as "instructing the jury to determine whether a single overarching conspiracy—the same conspiracy charged here—existed"); ECF No. 60 at 10 (referring to "evidence presented regarding the same conspiracy in *Penn*"); ECF No. 60 at ¶ 2 (referencing the *Penn* charges as "charges involving the same conspiracy").

Cir. 1968)). Mr. Stiller's strong need to refrain from testifying about the conspiracy charged in Count One is obvious. In *Penn*, ten defendants—all higher-ranking executives compared to Mr. Stiller—were put on trial twice, and the government failed to obtain a single conviction. None of the defendants testified in their own defense at either trial. After the government dismissed five of the *Penn* defendants, the remaining five were found not guilty after a third trial. Again, none of the defendants testified in their own defense. Given this history, it would be foolhardy for Mr. Stiller to come to any conclusion other than that he has a compelling reason to exercise his constitutional right to remain silent insofar as Count One is concerned.

The same, however, cannot be said of the Obstruction Counts. Those charges appear to turn exclusively on Mr. Bryant's account of three conversations he allegedly had with Mr. Stiller. Those charges raise three fundamental questions: (1) Is Mr. Bryant's recollection of these conversations accurate; (2) Is Mr. Bryant's (and the government's) nefarious interpretation of those comments, if they were made, the correct one, and (3) Is Mr. Bryant just fabricating one or all of the facts related to these charges? Those are questions that only Mr. Stiller can answer. Mr. Stiller should not, however, have to choose between remaining silent with respect to Count One— the only sensible course of action—and testifying in his own defense as to the Obstruction Counts. *See, e.g., United States v. Jordan*, 112 F.3d 14, 17 (1st Cir. 1997) (vacating tax convictions where defendant was prejudiced by having to choose between testifying to support his "good faith" defense to tax charges and remaining silent as to joined charges of money laundering and fraud charges).[2]

---

[2] Severance of the Obstruction Counts will also furnish Mr. Stiller with the additional time needed to prepare a defense to these new charges. The Superseding Indictment was filed only three and

3

### 2. Severance Is Necessary Only In An Antitrust Trial That Does Not Include Evidence Of Alleged Obstruction And Witness Tampering.

Mr. Stiller's compelling need to refrain from testifying about Count One assumes that evidence of his alleged obstruction and witness tampering would not be admissible in a trial concerning only the antitrust conspiracy charged in Count One. If the evidence underlying Counts Two through Four were to be admitted in such a trial, even if in connection only with Count One, it is likely that Mr. Stiller would be forced to testify in his own defense—and notwithstanding the government's track record in *Penn*—given the highly prejudicial nature of that evidence.

None of the defendants in *Penn* were charged with obstruction, but the government sought to introduce evidence relating to Mr. Stiller's alleged obstructive conduct on the theory that the evidence helped to prove the existence of the charged conspiracy. *Penn*, ECF No. 769. The Court largely rejected the government's position. It excluded the conduct alleged in Count Two on grounds that it was irrelevant and prejudicial. The Court was particularly concerned that the allegations of Mr. Stiller's conduct related to the civil litigation pending in the Northern District of Illinois "would open the necessity of bringing in an explanation of all the civil litigation," which would "trigger[] 403 issues" and be "highly problematic." *Penn*, Nov. 1, 2021 Tr. at 782. The

---

half months before the scheduled trial of this case. The evidence relevant to the new Obstruction Counts was not directly implicated by the charge in the original Indictment. Since filing the Superseding Indictment, the government has produced additional materials in connection with the additional counts. Severing those counts will furnish Mr. Stiller with the opportunity to adequately prepare his defense.

government did seek to introduce evidence of the alleged conduct underlying Count Four in *Penn* and the Court excluded that evidence.[3]

The evidence underlying the new charges in this case is, as the Court in *Penn* recognized, highly prejudicial insofar as the alleged Sherman Act violation is concerned. Thus, that evidence should be deemed inadmissible for purposes of that count and excluded in a trial on Count One alone. *See also Defendant McGuire's Motion To Sever Counts Two, Three And Four*, ECF No. 138. The government should not be permitted to introduce evidence it charged in separate counts in a severed trial focused on the conspiracy charge in Count One alone due to the extreme prejudice the admission of that evidence would cause for both Mr. Stiller and Mr. McGuire.

If, however, this Court were to disagree with the *Penn* court and conclude that evidence underlying the Obstruction Counts is relevant and admissible to prove the conspiracy charged in Count One, and, therefore, that it is admissible even if Counts Two through Four are severed, then Mr. Stiller does not seek severance of Counts Two through Four. In that case, Mr. Stiller would likely be compelled to testify in his own defense as to Count One given the prejudicial nature of the evidence in question and the fact that Mr. Stiller's testimony appears to be the only meaningful way to rebut the allegations of obstructive conduct made by Mr. Bryant. In short, Mr. Stiller's strong need to refrain from testifying about the charge in Count One will be considerably diminished if the government is permitted to introduce evidence of alleged obstructive conduct and witness tampering in support of that charge. Therefore, if evidence of the conduct underlying Counts Two through Four were to be admitted as relevant to the conspiracy count in a trial only

---

[3] The Court in *Penn* did permit Mr. Bryant to testify (without referring to the civil litigation) to the April 2021 conversation underlying Count 3—where Mr. Stiller allegedly told Mr. Bryant to "own" a 2017 contract. *Penn*, Nov. 1, 2021 Tr. at 784-85, 859-60.

on Count One, Mr. Stiller does not want to sever the new charges from Count One. The government chose to charge Counts Two through Four and, as such, should be held to its burden to prove those counts beyond a reasonable doubt – either in a joint trial on all counts, or in a separate case involving just the obstruction counts where such evidence does not taint a separate antitrust conspiracy case.

### 3. A Separate Trial Would Not Create Significant Inefficiencies.

A trial involving only Count One would be shorter than a trial on all counts because it would not involve evidence of the civil litigation, which is likely to be detailed and time consuming. A second trial on Counts Two through Four would involve only Mr. Stiller and would require little evidence concerning the underlying conspiracy charged in Count One since the charges are brought solely on the basis of Mr. Bryant's testimony. Needless to say, to the extent the government's own interest in efficiency is a relevant consideration when determining whether to sever, any complaint the government might have about inefficiency would ring hollow. It filed identical charges against fourteen individual defendants, but elected to do so in two different cases. It filed charges against two companies and elected to do so in a third related case. It tried the *Penn* case twice. And after failing to obtain a single conviction, and even after the court in *Penn* admonished the government to seriously consider whether it made sense to try the case for a third time, the government persisted. And it lost. The government should not now be heard to complain about trial inefficiencies.

CONCLUSION

For the foregoing reasons, Mr. Stiller respectfully requests that Count One be severed, and separately tried, from Counts Two through Four, and that, for the same reasons that severance is required, the government be precluded from introducing evidence underlying the allegations in Counts Two through Four in a trial of Count One. In the event that this Court rules that evidence of obstructive conduct remains admissible in a trial on only Count One, then Mr. Stiller would withdraw the instant motion.

Respectfully submitted this 22nd day of August, 2022.

/s/ Kristen M. Frost
Patrick L. Ridley
Kristen M. Frost
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Fax: (303) 629-9702
ridley@ridleylaw.com
frost@ridleylaw.com
*Attorneys for Timothy Stiller*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III (A) (1).

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2022, I served a true and correct copy of the foregoing **DEFENDANT TIMOTHY STILLER'S CONDITIONAL MOTION TO SEVER COUNTS TWO, THREE, AND FOUR** electronically with the clerk of the court via the CM/ECF system to all interested parties.

**Michael Thomas Koenig**
U.S. Department of Justice-DC-Antitrust Division
450 Fifth Street NW
Washington, DC 20530
202-616-2165
Email: Michael.Koenig@usdoj.gov

**Sara Michelle Clingan**
U.S. Department of Justice-DC-450 5th Street
450 5th Street N.W.
Washington, DC 20530
202-480-1951
Email: sara.clingan2@usdoj.gov

**Daniel Loveland**
U.S. Department of Justice-DC-450 5th Street
450 5th Street N.W.
Washington, DC 20530
202-476-0453
Email: daniel.loveland@usdoj.gov

**Yixi Cecilia Cheng**
U.S. Department of Justice-DC-950 Pennsylvania Avenue
Robert F. Kennedy Building
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
202-705-8342
Email: yixi.cheng@usdoj.gov
*Attorneys for the United States*

**Laura Butte**
U.S. Department of Justice-DC-450 5th Street
450 5th Street N.W.
Washington, DC 20530
202-598-6080
Email: laura.butte@usdoj.gov

*/s/ Scott Widney*
Scott Widney
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 629-9700
Fax: (303) 629-9702
Email widney@ridleylaw.com

