IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

(1) JASON McGUIRE; and
(2) TIMOTHY STILLER,

 Defendants.

## TRIAL PREPARATION ORDER

This Trial Preparation Order is issued pursuant to the Federal Rules of Criminal Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado. The pretrial deadlines and instructions in this Order supersede those stated in the Order Setting Trial Date and Related Deadlines (Doc. 67), First Order Granting Motion to Continue (Doc. 71), Second Order Granting Motion to Continue (Doc. 89), and Order Regarding Superseding Indictment (Doc. 119).

### DEFENDANTS' JOINT MOTION
### TO RETAIN *PENN* EXHIBIT NUMBERS

The defendants seek to retain the alphanumeric numbering system used for the defense exhibits in *United States v. Penn*, No. 1:20-cr-00152-PAB (D. Colo. filed June 2, 2020), and to require the government to re-use the same exhibit numbers it used for its exhibits in that trial. The defendants contend that re-stickering exhibits for this case will require significant resources, and that utilizing new exhibit numbers will cause

confusion at trial. But even if the defendants were permitted to retain the prior exhibit numbering system, they would still need to re-sticker all their trial exhibits to, at a minimum, add the case number for this case. The potential cost savings of retaining the prior numbering system thus seem overstated. And I am not convinced that using new exhibit numbers at this trial will cause the sort of witness and juror confusion that defendants fear. The efficiencies and convenience to my court staff that will result from utilizing an exhibit numbering system that complies with my Practice Standards for Criminal Cases outweigh any cost savings to the defendants or minor confusion that may arise from the use of new exhibit numbers for this case.

It is therefore ORDERED that Defendants' Joint Motion to Retain *Penn* Exhibit Numbers (Doc. 144) is DENIED. Defendants may not retain the alphanumeric numbering system used in *Penn*, No. 1:20-cr-00152-PAB. Pursuant to my Practice Standards, all exhibits must be identified by number only. The parties may use sub-numbers for attachments to a primary exhibit (*e.g.*, Exhibit 1-2 for the second attachment to Exhibit 1). Exhibits must be pre-marked for use at trial, and the case number must appear on each exhibit sticker or label.

## PRETRIAL REQUIREMENTS AND DEADLINES

It is FURTHER ORDERED that the following tasks must be completed by the date indicated:

| Date | Task |
|---|---|
| **Four weeks** before Trial Preparation Conference (September 22, 2022) | *Disclose Exhibit Lists*<br><br>Each side must serve on the other a disclosure identifying each exhibit it expects to or may offer at trial. This must include all exhibits that may be offered on direct examination, as well as those that may be offered on cross-examination or rebuttal if the need arises, but need not include exhibits that will be used solely for impeachment. The disclosure must include any summary exhibits pursuant to Federal Rule of Evidence 1006 and/or 611(a), and must also identify any exhibits the offering party anticipates introducing without a sponsoring witness. Copies of all exhibits not previously disclosed must also be provided.<br><br>Do not file these disclosures via CM/ECF. Thereafter, counsel must confer to eliminate duplicate exhibits and prepare the proposed joint exhibit list that will be filed with the Court. |
| **Four weeks** before Trial Preparation Conference (September 22, 2022) | *Disclose Expert Witnesses*<br><br>The form and content of the parties' disclosures must comply with Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C). |

| Date | Task |
|---|---|
| **September 26, 2022** | *File Any Additional Pretrial Motions*<br><br>Prior to filing any discovery motion, counsel for the moving party must confer or make reasonable, good faith efforts to confer with any opposing counsel to resolve the dispute(s). If the parties are able to resolve the dispute(s), they may file a motion titled "Unopposed Motion for _____," and must file the proposed order they wish the Court to enter via CM/ECF and email a copy in editable Word format to Domenico_Chambers@cod.uscourts.gov. If the parties are unable to resolve the dispute(s), the moving party must describe in the motion, or in a certificate attached to the motion, the specific efforts taken to comply with this order to confer and the position of each party at the time the conferral process broke down. |
| **Three weeks** before Trial Preparation Conference (September 29, 2022) | *Exchange Objections to Exhibits*<br><br>The parties must exchange lists of any objections each side has to the exhibits disclosed by the other. Do not file these objections via CM/ECF. Thereafter, the parties must confer and make reasonable, good-faith efforts to resolve their objections. |
| **Three weeks** before Trial Preparation Conference (September 29, 2022) | *File Any Challenges to Expert Witnesses* |
| **Three weeks** before Trial Preparation Conference (September 29, 2022) | *Disclose Rebuttal Expert Witnesses*<br><br>The form and content of the parties' disclosures must comply with Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C). |
| **October 3, 2022** | *File Responses to Pretrial Motions*<br><br>No replies will be permitted without leave of Court. |

| Date | Task |
|---|---|
| **Two weeks** before Trial Preparation Conference (October 6, 2022) | *File Unresolved Exhibit Objections*<br><br>Each side must file its unresolved exhibit objections with the Court. Objections should be filed in the form of a chart with the following columns:<br><br>(a) exhibit number;<br><br>(b) brief exhibit description;<br><br>(c) concisely stated objection with citation to the applicable Federal Rule(s) of Evidence and any pertinent case(s) or other supporting authority. <u>*Do not*</u> use abbreviations or acronyms to state objections (*e.g.*, F for lack of foundation, H for hearsay, etc.);<br><br>(d) the prior ruling(s), if any, as to admissibility of the exhibit in *Penn*, No. 1:20-cr-00152-PAB, with citation to the ruling(s) in that case by ECF document number and pincite;<br><br>(e) blank column for the other side's response to the objection; and<br><br>(f) blank column for the Court's ruling.<br><br>Electronic copies of the objected-to exhibits must be delivered to the Court on USB flash drive or submitted by email to Domenico_Chambers@cod.uscourts.gov as attachments or via secure download link. Do not file the objected-to exhibits via CM/ECF.<br><br>Each side must also email a copy of its objection chart to the other side in editable Excel format. |
| **Two weeks** before Trial Preparation Conference (October 6, 2022) | *File Responses to Expert Witness Challenges*<br><br>No replies will be permitted without leave of Court. |
| **Two weeks** before Trial Preparation Conference (October 6, 2022) | *File Any Challenges to Rebuttal Expert Witnesses* |

| Date | Task |
|---|---|
| **Two weeks** before Trial Preparation Conference (October 6, 2022) | *File Motions* in Limine *(Optional)*<br><br>Motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial; instead, such evidentiary issues can be flagged in a trial brief.<br><br>Any motions *in limine* must identify whether the same evidentiary issue was raised in *Penn*, No. 1:20-cr-00152-PAB, and if so the prior ruling(s), with citation to the ruling(s) in that case by ECF document number and pincite. |
| **Two weeks** before Trial Preparation Conference (October 6, 2022) | *File Proposed Jury Instructions*<br><br>The parties must jointly file a single integrated set of proposed jury instructions and verdict forms via CM/ECF. The parties should attempt to stipulate to the jury instructions, particularly "stock" instructions and verdict forms. Each instruction should be numbered, and same-subject disputed instructions should be grouped and numbered together (*e.g.*, "Stipulated Instruction No. 1," "Government's Instruction No. 2," "Defendants' Instruction No. 2"). Each numbered instruction must begin on a new page. Each proposed instruction must identify the source of the instruction and supporting authority.<br><br>Whenever practicable and appropriate, the parties should use or adapt for use the Criminal Pattern Jury Instructions prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit. The pattern instructions and updates can be found online at https://www.ca10.uscourts.gov/clerk/downloads/criminal-pattern-jury-instructions.<br><br>The parties must also email a copy of their proposed instructions and verdict forms in editable Word format to Domenico_Chambers@cod.uscourts.gov. Proposed verdict forms must be submitted in a separate file from the proposed jury instructions. |

- 6 -

| Date | Task |
|---|---|
| **One week** before Trial Preparation Conference (October 13, 2022) | *File Responses to Exhibit Objections*<br><br>Each side must file its responses to the other side's objections by filling in the designated column in the chart filed by the other side.<br><br>The responding side must also email an editable Excel copy of the objection chart with responses to Domenico_Chambers@cod.uscourts.gov.<br><br>No replies to exhibit objections will be permitted without leave of Court. |
| **One week** before Trial Preparation Conference (October 13, 2022) | *File Responses to Rebuttal Expert Witness Challenges*<br><br>No replies will be permitted without leave of Court. |
| **One week** before Trial Preparation Conference (October 13, 2022) | *File Responses to Motions* in Limine<br><br>No replies will be permitted without leave of Court. |
| **One week** before Trial Preparation Conference (October 13, 2022) | *File Trial Briefs (Optional)*<br><br>Trial briefs are encouraged, but not required, and a trial brief may not be used as a substitute for a motion. If filed, trial briefs must not exceed **2,700 words**. |
| **One week** before the Trial Preparation Conference (October 13, 2022) | *File Proposed Witness Lists*<br><br>The parties must file their proposed witness lists via CM/ECF, including an estimate of the time required for their direct examination of each witness. Witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx. |
| **Three business days** before Trial Preparation Conference (October 17, 2022) | *File Proposed Joint Exhibit List*<br><br>The parties must file a proposed joint exhibit list via CM/ECF. The exhibit list form can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx. All exhibits must be numbered in accordance with my ruling above on Defendants' Joint Motion to Retain *Penn* Exhibit Numbers (Doc. 144). Exhibit numbers need not be consecutive. |

| Date | Task |
|---|---|
| **Three business days** before Trial Preparation Conference (October 17, 2022) | *File Estimated Cross-Examination Time*<br><br>The parties must file an estimate of the time required for their cross-examination of each of the opposing side's witnesses. |
| **Three business days** before Trial Preparation Conference (October 17, 2022) | *File Proposed* Voir Dire *Questions* |
| **Fourteen days** before Trial (October 17, 2022) | *File Any Notice of Disposition Local Crim. R. 11.1(a)*<br><br>Upon the filing of a notice of disposition, the Court will set a change-of-plea hearing. |
| **Two business days** before Trial (October 27, 2022) | *Submit Trial Exhibits*<br><br>The parties must provide the Court with **one hard copy** of a single integrated set of their trial exhibits (this will be the official set of "original" exhibits) and **three electronic copies** of their trial exhibits. All exhibits must be pre-marked with a label identifying the exhibit number and case number.<br><br>The hard-copy exhibits must be bound in three-ring binders no larger than three inches in width, and the binders must be labeled on the cover and on the spine with the case caption, trial date, and "ORIGINAL."<br><br>The electronic-copy exhibits must be delivered to the Clerk's Office or the Courtroom Deputy on three USB flash drives. Do not file the exhibits via CM/ECF. Except for any video or audio exhibits, electronic exhibits must be in PDF file format. The file name for each electronic exhibit must include the exhibit number and description (*e.g.*, "Ex 1 - Employment Contract.pdf").<br><br>During trial, the parties must prepare a three-ring binder(s) for each witness containing the exhibits that will or may be used with that witness. The witness binders must be no larger than three inches in width, and must be labeled on the cover and on the spine with the case caption, trial date, witness's name, and "DIRECT" or "CROSS." |

| Date | Task |
|---|---|
| **First day of Trial** (October 31, 2022 at 8:30 a.m.) | *Submit Final Joint Exhibit List*<br><br>The parties must provide the Courtroom Deputy with **three hard copies** (an original and two copies) of their final joint exhibit list. The parties may remove any exhibits they no longer expect to or may offer, but they may not add new exhibits not included on their initial exhibit list disclosures without either the consent of the opposing side or leave of Court.<br><br>If the final joint exhibit list differs from that filed previously, the final exhibit list must also be filed via CM/ECF. |
| **First day of Trial** (October 31, 2022 at 8:30 a.m.) | *Submit Final Witness Lists*<br><br>The parties must provide the Courtroom Deputy with **three hard copies** (an original and two copies) of their final witness lists. The parties may remove any witnesses they no longer expect to or may call, but they may not add new witnesses not disclosed on their initial proposed witness lists without either the consent of the opposing side or leave of Court.<br><br>If the final witness lists differ from those filed previously, the final witness lists must also be filed via CM/ECF. |

It is FURTHER ORDERED that the parties should be prepared to address the following issues at the Trial Preparation Conference:

1. Any outstanding motions, including motions *in limine*;

2. Jury selection, including the parties' proposed *voir dire* questions;

3. Jury instructions;

4. Sequestration of witnesses;

5. Time limits for opening statements;

6. Timing and presentation of witnesses and evidence;

7. Any anticipated evidentiary issues, including any objections to exhibits and the necessity for any cautionary or limiting instructions;

8. Any stipulations of fact or law; and

9. Any other issue affecting the duration or course of the trial.

DATED: September 16, 2022

BY THE COURT:

Daniel D. Domenico
United States District Judge