IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

(1) JASON McGUIRE; and
(2) TIMOTHY STILLER,

      Defendants.

---

## AMENDED TRIAL PREPARATION ORDER

---

The defendants move for "certain revisions" to the Court's Trial Prep-
aration Order.[1] (Doc. 170.) The government agrees to the extension and
addition of certain pretrial deadlines, but opposes other deadline exten-
sions and revisions to pretrial requirements requested by the defend-
ants. (Doc. 171.) For the following reasons, the defendants' motion is
granted in part.

### DISCUSSION

### I.  Agreed Revisions

The defendants request, and the government does not oppose (1) set-
ting a deadline for the parties to exchange draft proposed jury

---

[1]  Despite the defendants' representation that they "seek only limited
relief . . . and not a wholesale change to the Court's Order" (Doc. 170
at 1), some of the changes they propose are, in fact, significant, affecting
hearing and trial dates in this case and others on the Court's docket, and
the amount of time I would have to review the parties' pretrial submis-
sions and disputes in advance of the Trial Preparation Conference.

instructions and verdict forms in advance of filing joint proposed jury instructions and verdict forms with the Court; and (2) setting a deadline for the government to provide notice of intent to offer evidence under Federal Rule of Evidence 404(b). (Doc. 170 at 5, 7-8; Doc. 171 at 4.) Those requests are granted.

In addition to these areas of explicit agreement, the government did not respond or object to the defendants' request for an order that

> [t]o the extent the government comes into possession of new discovery, 302 witness interviews, agent notes, etc. within three weeks of trial or during trial, it must produce those materials to the defense within 48 hours, or, once the trial begins, within 24 hours, of the time at which it comes into possession of such materials.

(Doc. 170 at 7-8.) Accordingly, that request is also granted.

## II.  Trial Preparation Conference

The defendants requested that the Trial Preparation Conference be reset from Thursday, October 20, 2022 to Monday, October 24, 2022 because some of Mr. McGuire's counsel have a "previously scheduled" oral argument before the Sixth Circuit Court of Appeals on October 20.[2] (Doc. 170 at 2.) The defendants further request that most of the pretrial deadlines that were set in relation to the Trial Preparation Conference date (*see* Doc. 169 at 3-8) be adjusted accordingly.[3] (Doc. 170 at 2.) The government does not oppose resetting the Trial Preparation Conference,

---

[2]  Despite the October 20 Trial Preparation Conference date having been set nearly five months ago (Doc. 91), defense counsel waited until only a month before the scheduled hearing date to attempt to resolve this apparent scheduling conflict.

[3]  The defendants do not request that the deadline for motions *in limine* be adjusted. (Doc. 170 at 5.) It is unclear whether this was inadvertent or intentional.

but objects to adjusting many of the pretrial deadlines in relation to the new date. (Doc. 171 at 5.)

With some effort, and the gracious agreement of counsel in a civil case set for trial on October 24 to delay the start of their trial by one day, the Court can accommodate an October 24 Trial Preparation Conference in this case.[4] The defendants' request to adjust various pretrial deadlines in relation to the new Trial Preparation Conference date is granted in part as set forth in the table below.[5]

---

[4]  After the Court made these arrangements to accommodate the defendants' request to move the Trial Preparation Conference date, the defendants filed a notice withdrawing that request. (Doc. 187.) I will not undo those arrangements at this time. And, moving the Trial Preparation Conference date allows me to grant some of the defendants' other requests for deadline extensions.

[5]  Defendants suggest that they would "be amenable to a short continuance of the trial date" to facilitate their requested deadline extensions. (Doc. 170 at 1-2.) But as the government notes, the Court and its staff have already undertaken significant efforts to accommodate this fifteen-day jury trial and ensure that it will conclude by Thanksgiving. (Doc. 171 at 5-6.) The Court's calendar has been coordinated with those of the parties, the Court's Jury Administrator has mailed out summonses for a special panel of prospective jurors to report on October 31, and my court reporter has hired a team of editors to ensure timely delivery of the daily trial transcripts ordered by the parties, among other efforts. Continuing the scheduled trial date at this point would be no small feat given the preparations that have already been made, the limitations of the Speedy Trial Act, the fact that the Court has a ten-day jury trial in another criminal case set to commence on November 28, the upcoming holiday season, and the numerous criminal and civil hearings the Court has reset to December to avoid conflict with the trial in this case. Absent extraordinary circumstances, or the agreement of the parties that this case can be tried in substantially less than fifteen days, I do not intend to continue the trial date in this proceeding.

### III. Exhibit Lists and Objections to Exhibits

The defendants request to extend the deadlines for exchange of proposed exhibit lists, to stagger the deadlines for disclosure of the government's and the defendants' lists, and to extend the deadline for filing unresolved objections to exhibits. (Doc. 170 at 2-5.) The government agrees to an extension of the deadline for exchange of proposed exhibit lists, but opposes a non-simultaneous exchange, particularly if that would result in the government having less time than the defendants to prepare objections. (Doc. 171 at 3-4, 6.) In light of the defendants' representation that a sequential exchange of exhibit lists will "potentially decreas[e] the number of defense exhibits that need to be marked" (Doc. 170 at 3), I will grant the defendants' request to stagger the deadlines for each side's exhibit list disclosures. The defendants' request to extend the deadlines for exhibit list disclosures and exchange of objections to exhibits is granted in part as set forth in the table below.

The defendants also propose, without explanation, that the parties file separate trial exhibit lists rather than the joint exhibit list that I ordered. (Doc. 170 at 3, 11; *see also* Doc. 169 at 9.) That request is denied. Filing a combined list of the exhibits that may be offered by all parties helps eliminate duplicate exhibits, results in efficiencies during trial, and helps my Courtroom Deputy and court reporter track which exhibits are offered and admitted. The defendants have not identified any burden or prejudice that would result from a requirement to confer with the government to prepare a joint exhibit list.

### IV. Supplementation of Exhibit and Witness Lists

The defendants request unlimited leave to (1) supplement their exhibit lists; (2) offer additional exhibit objections; and (3) supplement their witness lists at any time for any reason throughout the course of

the trial. (Doc. 170 at 3, 4, 6, 23.) They appear to be under the impression that the combination of the government's high burden of proof and the protections the Constitution affords criminal defendants means they cannot be subject to reasonable pretrial disclosure requirements. Not so.

A district court may facilitate trial preparation in a criminal case by ordering both sides to disclose their exhibit and witness lists prior to trial.[6] While the defendants may not determine which exhibits, if any, they will offer or which witnesses, if any, they will call at trial until after the government has presented its case, it is not impossible for the defendants to anticipate and prepare lists of exhibits they *may* offer and witnesses they *may* call. This is especially true in this case, where defense counsel have had the benefit of observing the government present its case in three prior trials against other defendants involved in the same alleged conspiracy. The defendants' contention that "[t]he defense is under no obligation to reveal its strategy to the Government before and until the Government presents its direct case to a jury" (Doc. 170 at 6 n.3) is simply inaccurate. "Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the [government's] case before announcing the nature of his

---

6    *See* Fed. R. Crim. P. 2 (district court must "secure simplicity in procedure" and "eliminate unjustifiable expense and delay"); Fed. R. Crim. P. 16.1(b) (district court may "determine . . . the time, place, manner, or other aspects of [pretrial] disclosure to facilitate preparation for trial"); Fed. R. Crim. P. 57(b) (district court may "regulate practice in any manner consistent with federal law, [the Federal Rules of Criminal Procedure], and the local rules of the district"); *United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996) (requiring pretrial disclosure of exhibit and witness lists is "within the sound discretion of the trial court" and generally does not violate criminal defendants' constitutional rights); *see also, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 513-14 (9th Cir. 2008); *United States v. Jackson*, 508 F.2d 1001, 1006-08 (7th Cir. 1975); *United States v. Lujan*, No. R 05-0924 RB, 2011 WL 13210665, at *2 (D.N.M. Aug. 24, 2011).

defense . . . ." *Williams v. Florida*, 399 U.S. 78, 85 (1970). "It is well-set-tled that defendants may be required to disclose to the court and to the [government] their defenses prior to trial." *Cummings v. Evans*, 161 F.3d 610, 619 (10th Cir. 1998) (citing *Williams*, 399 U.S. at 83-85); *accord United States v. Graham*, 663 F. App'x 622, 626-27 (10th Cir. 2016).

The defendants contend that "their constitutional right to defend against criminal charges may be compromised if the defense is held to a pre-trial witness list that they will have no ability to supplement after the commencement of trial." (Doc. 170 at 6 n.3.) But criminal defendants may indeed, in some circumstances, constitutionally be precluded from presenting a witness that was not timely disclosed prior to trial. *See Taylor v. Illinois*, 484 U.S. 400, 410-18 (1988) (exclusion may be appropriate if "the omission [from pretrial disclosures] was willful and motivated by a desire to obtain a tactical advantage"). And my Trial Preparation Order does not leave the parties with "no ability" to supplement their exhibit and witness lists after the commencement of trial—the parties may add exhibits or witnesses by (a) obtaining the consent of the opposing side, or (b) seeking leave of Court. (Doc. 169 at 9.) I will of course evaluate any opposed defense request to add a previously undisclosed exhibit or witness in view of the appropriate factors including whether good cause exists for the request, the potential prejudice to the government or to the truth-determining function of the trial process, and the defendants' constitutional rights. *See Taylor*, 484 U.S. at 410-18. And I will exercise caution before imposing the "drastic" sanction of preclusion, in recognition of "the fundamental character of [a] defendant's right to offer the testimony of witnesses in his favor" and the fact that less drastic alternative sanctions are often adequate and appropriate. *See id*. But the defendants' request for unlimited leave to supplement their exhibit and witness lists at any time for any reason is denied. I

expect both sides to, as the defendants have promised they will, "make every effort to produce good-faith comprehensive exhibit [and witness] lists by the Court's deadlines." (Doc. 170 at 3, 6.)

As to objections to exhibits, the defendants "request that they be permitted to make such objections at trial without limitation." (Doc. 170 at 4.) To be clear, the requirement to submit pretrial objections does not preclude either side from making evidentiary objections at trial without limitation. The parties' pretrial submission of unresolved objections to exhibits will be considered *in limine*. I understand that the parties may need to reassert such objections or make an offer of proof at trial to preserve a claim of error for appeal. *See* Fed. R. Evid. 103. I also understand that certain objections may not become apparent until an exhibit is offered at trial. But I expect the parties to make every effort to identify anticipated objections prior to trial, so that these evidentiary issues can be resolved outside the jury's presence without wasting precious trial time. The parties are cautioned against laying behind the log and raising for the first time at trial an objection that could have been addressed earlier.

Finally, the defendants object to providing estimated cross-examination times unless such estimates are "non-binding" and the Court agrees that no limits will be placed on their cross-examination time at trial. (Doc. 170 at 7.) I ordered both sides to submit estimates of direct-examination and cross-examination time for planning purposes and to determine the accuracy of the length of time allocated to the trial of this case. I do not, at this time, intend to impose limitations on either side's witness-examination time. I note, however, that time limitations on the parties may become necessary and appropriate, *see* Fed. R. Evid. 611(a)(2), and such limitations may be imposed on the defendants without violating their Confrontation Clause rights, *see United States v.*

*Morrison*, 833 F.3d 491, 504-05 (5th Cir. 2016) (collecting cases); *United States v. Spence*, 703 F. App'x 121, 124-25 (3d Cir. 2017).

## V.   Jencks Act Material

The defendants request a deadline for the government to produce Jencks Act material. (Doc. 170 at 7-8.) The government opposes this request, noting that, under the Act, I may not require the government to produce a witness statement or report "until said witness has testified on direct examination in the trial of the case." (Doc. 171 at 7 (quoting 18 U.S.C. § 3500(a)).) The government is correct—"[u]nder the Jencks Act, the government cannot be compelled to produce statements or reports of a government witness until that witness has testified on direct examination at trial." *United States v. Wright*, No. 11-cr-00497-REB, 2012 WL 4049826, at \*2 (D. Colo. Sept. 13, 2012) (citing *United States v. George*, 778 F.2d 556, 562 (10th Cir. 1985)). The defendants' request for a pretrial Jencks Act deadline is therefore denied. Although I will not order the government to go beyond its obligations under the Act, I do encourage the government follow through on its stated intention to "continue to make early disclosure of Jencks Act material in the interest of avoiding midtrial delays."[7] (Doc. 171 at 7.)

---

[7]   The government also states that "[i]n an effort to reach agreement, the United States offered Defendants a reciprocal deadline on early disclosure of statements under the Jencks Act and Fed. R. Crim. P. 26.2." (Doc. 171 at 8.) It is unclear whether the defendants found this offer acceptable. The parties are encouraged to reach an agreement on this point, and if they are able to do so, they may file a stipulation noting their agreed deadline for mutual exchange of Jencks Act and Federal Rule of Criminal Procedure 26.2 material. No motion for leave to further amend this Amended Trial Preparation Order is necessary.

## CONCLUSION

To provide for the just determination of this proceeding, to secure simplicity in procedure and fairness in administration, to eliminate un-justifiable expense and delay, and to facilitate preparation for trial, it is ORDERED that:

Defendants' Motion for Revised Scheduling Order (Doc. 170) is GRANTED IN PART;

The Trial Preparation Conference set for October 20, 2022 is VACATED and RESET for **October 24, 2022** at **9:30 a.m.**; and

The pretrial requirements and deadlines set forth in the Court's Trial Preparation Order (Doc. 169) are AMENDED as follows:

| Date | Task |
|---|---|
| **September 22, 2022** (unchanged) | *Disclose Expert Witnesses*<br><br>The form and content of the parties' disclosures must comply with Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C). |
| **September 26, 2022** (unchanged) | *File Any Additional Pretrial Motions*<br><br>Prior to filing any discovery motion, counsel for the moving party must confer or make reasonable, good faith efforts to confer with any opposing counsel to resolve the dispute(s). If the parties are able to resolve the dispute(s), they may file a motion titled "Unopposed Motion for _____," and must file the proposed order they wish the Court to enter via CM/ECF and email a copy in editable Word format to Domenico_Chambers@cod.uscourts.gov. If the parties are unable to resolve the dispute(s), the moving party must describe in the motion, or in a certificate attached to the motion, the specific efforts taken to comply with this order to confer and the position of each party at the time the conferral process broke down. |
| **September 29, 2022** (unchanged) | *File Any Challenges to Expert Witnesses* |

| Date | Task |
|---|---|
| **September 29, 2022** (unchanged) | *Disclose Rebuttal Expert Witnesses*<br><br>The form and content of the parties' disclosures must comply with Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C). |
| **September 29, 2022** (formerly September 22, 2022) | *Government Disclose Exhibit List*<br><br>The government must serve on the defendants a disclosure identifying each exhibit it expects to or may offer at trial. This must include all exhibits that may be offered on direct examination, as well as those that may be offered on cross-examination or rebuttal if the need arises, but need not include exhibits that will be used solely for impeachment. The disclosure must include any summary exhibits pursuant to Federal Rule of Evidence 1006 and/or 611(a), and must also identify any exhibits the government anticipates introducing without a sponsoring witness. Copies of all exhibits not previously disclosed must also be provided.<br><br>Do not file this disclosure via CM/ECF. |
| **October 3, 2022** (unchanged) | *File Responses to Pretrial Motions*<br><br>No replies will be permitted without leave of Court. |

| Date | Task |
|---|---|
| **October 3, 2022** (formerly September 22, 2022) | *Defendants Disclose Exhibit Lists*<br><br>   Each defendant must serve on the government a disclosure identifying each exhibit he expects to or may offer at trial. This must include all exhibits that may be offered on direct examination, as well as those that may be offered on cross-examination or rebuttal if the need arises, but need not include exhibits that will be used solely for impeachment. The disclosure must include any summary exhibits pursuant to Federal Rule of Evidence 1006 and/or 611(a), and must also identify any exhibits the defendants anticipate introducing without a sponsoring witness. Copies of all exhibits not previously disclosed must also be provided.<br><br>   Do not file this disclosure via CM/ECF.<br><br>   Thereafter, all parties must confer to eliminate duplicate exhibits and prepare the proposed *joint* exhibit list that will be filed with the Court. |
| **October 3, 2022** (new) | *Exchange Proposed Jury Instructions*<br><br>   The parties must exchange their proposed jury instructions and verdict forms. Do not file these via CM/ECF. Thereafter, the parties must confer and make reasonable, good-faith efforts to resolve any disputes and attempt to stipulate to the jury instructions, particularly "stock" instructions and verdict forms.<br><br>   Whenever practicable and appropriate, the parties should use or adapt for use the Criminal Pattern Jury Instructions prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit. The pattern instructions and updates can be found online at https://www.ca10.uscourts.gov/clerk/downloads/criminal-pattern-jury-instructions. |

| Date | Task |
|---|---|
| **October 4, 2022**<br>(formerly September 29, 2022) | *Defendants' Objections to Exhibits*<br><br>Each defendant must provide the government with a list of any objections he has to the exhibits disclosed by the government. Do not file these objections via CM/ECF. Thereafter, the parties must confer and make reasonable, good-faith efforts to resolve their objections. |
| **October 6, 2022**<br>(unchanged) | *File Responses to*<br>*Expert Witness Challenges*<br><br>No replies will be permitted without leave of Court. |
| **October 6, 2022**<br>(unchanged) | *File Any Challenges to*<br>*Rebuttal Expert Witnesses* |
| **October 7, 2022**<br>(formerly September 29, 2022) | *Government's Objections to Exhibits*<br><br>The government must provide each defendant with a list of any objections it has to the exhibits disclosed by the defendants. Do not file these objections via CM/ECF. Thereafter, the parties must confer and make reasonable, good-faith efforts to resolve their objections. |
| **October 11, 2022**<br>(formerly October 6, 2022) | *File Motions* in Limine *(Optional)*<br><br>Motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial; instead, such evidentiary issues can be flagged in a trial brief.<br><br>Any motions *in limine* must identify whether the same evidentiary issue was raised in *Penn*, No. 1:20-cr-00152-PAB, and if so the prior ruling(s), with citation to the ruling(s) in that case by ECF document number and pincite. |

| Date | Task |
|---|---|
| **October 11, 2022**<br>(formerly October 6, 2022) | *File Proposed Jury Instructions*<br><br>The parties must jointly file a single integrated set of proposed jury instructions and verdict forms via CM/ECF. Each instruction should be numbered, and same-subject disputed instructions should be grouped and numbered together (*e.g.*, "Stipulated Instruction No. 1," "Government's Instruction No. 2," "Defendants' Instruction No. 2"). Each numbered instruction must begin on a new page. Each proposed instruction must identify the source of the instruction and supporting authority.<br><br>The parties must also email a copy of their proposed instructions and verdict forms in editable Word format to Domenico_Chambers@cod.uscourts.gov. Proposed verdict forms must be submitted in a separate file from the proposed jury instructions. |
| **October 11, 2022**<br>(new) | *Government's Notice of Intent to Offer Evidence Under Federal Rule of Evidence 404(b)*<br><br>To the extent the government comes into possession of new discovery, "302" witness interviews, and/or agent notes within three weeks of trial, it must produce those materials to the defendants within forty-eight hours of the time at which it comes into possession of such materials. To the extent the government comes into possession of such materials during trial, it must produce them to the defendants within twenty-four hours of the time at which it comes into possession of such materials. |
| **October 13, 2022**<br>(unchanged) | *File Responses to Rebuttal Expert Witness Challenges*<br><br>No replies will be permitted without leave of Court. |

| Date | Task |
|---|---|
| **October 13, 2022** (formerly October 6, 2022) | *File Unresolved Exhibit Objections*<br><br>Each party must file its unresolved exhibit objections with the Court. Objections should be filed in the form of a chart with the following columns:<br><br>(a) exhibit number;<br><br>(b) brief exhibit description;<br><br>(c) concisely stated objection with citation to the applicable Federal Rule(s) of Evidence and any pertinent case(s) or other supporting authority. *Do not* use abbreviations or acronyms to state objections (*e.g.*, F for lack of foundation, H for hearsay, etc.);<br><br>(d) the prior ruling(s), if any, as to admissibility of the exhibit in *Penn*, No. 1:20-cr-00152-PAB, with citation to the ruling(s) in that case by ECF document number and pincite;<br><br>(e) blank column for the other side's response to the objection; and<br><br>(f) blank column for the Court's ruling.<br><br>Electronic copies of the objected-to exhibits must be delivered to the Court on USB flash drive or submitted by email to Domenico_Chambers@cod.uscourts.gov as attachments or via secure download link. Do not file the objected-to exhibits via CM/ECF.<br><br>Each side must also email a copy of its objection chart to the other side in editable Excel format. |
| **October 17, 2022** (formerly October 13, 2022) | *File Responses to Exhibit Objections*<br><br>Each party must file its responses to the other side's objections by filling in the designated column in the chart filed by the other side.<br><br>The responding party must also email an editable Excel copy of the objection chart with responses to Domenico_Chambers@cod.uscourts.gov.<br><br>No replies to exhibit objections will be permitted without leave of Court. |

| Date | Task |
|---|---|
| **October 17, 2022**<br>(formerly October 13, 2022) | *File Responses to Motions* in Limine<br><br>No replies will be permitted without leave of Court. |
| **October 17, 2022**<br>(formerly October 13, 2022) | *File Trial Briefs (Optional)*<br><br>Trial briefs are encouraged, but not required, and a trial brief may not be used as a substitute for a motion. If filed, trial briefs must not exceed **2,700 words**. |
| **October 17, 2022**<br>(formerly October 13, 2022) | *File Proposed Witness Lists*<br><br>The parties must file their proposed witness lists via CM/ECF, including an estimate of the time required for their direct examination of each witness. Witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx. |
| **October 17, 2022**<br>(unchanged) | *File Any Notice of Disposition*<br>*Local Crim. R. 11.1(a)*<br><br>Upon the filing of a notice of disposition, the Court will set a change-of-plea hearing. |
| **October 19, 2022**<br>(formerly October 17, 2022) | *File Proposed Joint Exhibit List*<br><br>The parties must file a proposed *joint* exhibit list via CM/ECF. The exhibit list form can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx. All exhibits must be numbered in accordance with my ruling (Doc. 169 at 1-2) on Defendants' Joint Motion to Retain *Penn* Exhibit Numbers (Doc. 144). Exhibit numbers need not be consecutive. |
| **October 19, 2022**<br>(formerly October 17, 2022) | *File Estimated*<br>*Cross-Examination Time*<br><br>The parties must file an estimate of the time required for their cross-examination of each of the opposing side's witnesses. |
| **October 19, 2022**<br>(formerly October 17, 2022) | *File Proposed* Voir Dire *Questions* |

| Date | Task |
|---|---|
| **October 24, 2022** at **9:30 a.m.** (formerly October 20, 2022) | *Trial Preparation Conference*<br><br>The parties should be prepared to address the following issues:<br><br>(1) any outstanding motions, including motions *in limine*;<br><br>(2) jury selection, including the parties' proposed *voir dire* questions;<br><br>(3) jury instructions;<br><br>(4) sequestration of witnesses;<br><br>(5) time limits for opening statements;<br><br>(6) timing and presentation of witnesses and evidence;<br><br>(7) any anticipated evidentiary issues, including any objections to exhibits and the necessity for any cautionary or limiting instructions;<br><br>(8) any stipulations of fact or law; and<br><br>(9) any other issue affecting the duration or course of the trial. |

| Date | Task |
|------|------|
| **October 27, 2022** (unchanged) | *Submit Trial Exhibits*<br><br>The parties must provide the Court with **one hard copy** of a single integrated set of their trial exhibits (this will be the official set of "original" exhibits) and **three electronic copies** of their trial exhibits. All exhibits must be pre-marked with a label identifying the exhibit number and case number.<br><br>The hard-copy exhibits must be bound in three-ring binders no larger than three inches in width, and the binders must be labeled on the cover and on the spine with the case caption, trial date, and "ORIGINAL."<br><br>The electronic-copy exhibits must be delivered to the Clerk's Office or the Courtroom Deputy on three USB flash drives. Do not file the exhibits via CM/ECF. Except for any video or audio exhibits, electronic exhibits must be in PDF file format. The file name for each electronic exhibit must include the exhibit number and description (*e.g.*, "Ex 1 - Employment Contract.pdf").<br><br>During trial, the parties must prepare a three-ring binder(s) for each witness containing the exhibits that will or may be used with that witness. The witness binders must be no larger than three inches in width, and must be labeled on the cover and on the spine with the case caption, trial date, witness's name, and "DIRECT" or "CROSS." |
| **October 31, 2022** at **8:30 a.m.** (unchanged) | *Submit Final Joint Exhibit List*<br><br>The parties must provide the Courtroom Deputy with **three hard copies** (an original and two copies) of their final *joint* exhibit list. The parties may remove any exhibits they no longer expect to or may offer, but they may not add new exhibits not included on their initial exhibit list disclosures without either the consent of the opposing side or leave of Court.<br><br>If the final joint exhibit list differs from that filed previously, the final exhibit list must also be filed via CM/ECF. |

| Date | Task |
|---|---|
| **October 31, 2022** at **8:30 a.m.** (unchanged) | *Submit Final Witness Lists*<br><br>   The parties must provide the Courtroom Deputy with **three hard copies** (an original and two copies) of their final witness lists. The parties may remove any witnesses they no longer expect to or may call, but they may not add new witnesses not disclosed on their initial proposed witness lists without either the consent of the opposing side or leave of Court.<br><br>   If the final witness lists differ from those filed previously, the final witness lists must also be filed via CM/ECF. |

DATED: September 27, 2022                    BY THE COURT:

Daniel D. Domenico
United States District Judge