IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JASON MCGUIRE,
2.    TIMOTHY STILLER,

    Defendants.

_____

### DEFENDANTS' JOINT OBJECTIONS TO THE TESTIMONY OF GOVERNMENT REBUTTAL EXPERT CARL SHAPIRO
_____

Jason McGuire and Timothy Stiller (jointly Defendants), by and through undersigned counsel, respectfully file their joint objections to the proposed testimony of government rebuttal expert Carl Shapiro. In support thereof, Defendants state as follows:

### INTRODUCTION

The government disclosed its rebuttal expert, Professor Carl Shapiro, by way of letter to counsel dated September 29, 2022. Exhibit A, 9/29/22 Shapiro Letter. The government asserts it may call Professor Shapiro to "respond to *any* testimony" made by "Defendants' proposed economic or industry experts." *Id.* at 1.

### I. General Objections To Professor Shapiro's Rebuttal Testimony

The 9/29/22 Shapiro Letter reflects that the government intends to have Professor Shapiro testify in a generalized manner in an attempt to rebut specific testimony of defense experts. In its 9/29/22 Shapiro Letter, the government argues that " any opinions purporting to bear on whether a conspiracy exists is irrelevant and unreliable without considering specific instances of collusive

communications or the direct evidence at trial" and that Professor Shapiro will "identify and cure any such economic or logical errors" and "supplement or contextualize the testimony of Defendants' experts." Exhibit A at 3. But offering the opinion that defendants' expert analysis is "irrelevant" because it fails to consider "instances of collusive communications" is not an exercise in economics, the field in which Professor Shapiro is trained. It is an attempt to have Professor Shapiro assume the roles of judge and juror—determining what is relevant and then evaluating competing evidence to conclude that there was collusion. Neither is an appropriate use of expert testimony.

To be clear, Professor Shapiro may not testify about what is relevant or irrelevant. "[Q]uestions of law are the subject of the court's instructions and not the subject of expert testimony." *A.E. By & Through Evans v. Indep. Sch. Dist. No. 25, of Adair Cnty., Okl.,* 936 F.2d 472, 476 (10th Cir. 1991) (citation omitted); *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1993) (the sole "spokesman of the law" is the judge).

Nor may Professor Shapiro "contextualize" defendants' expert economic analysis by explaining "specific instances of collusive communications." While Federal Rule of Evidence 704(a) explains that an opinion "is not objectionable just because it embraces an ultimate issue," Rule 702 requires that expert testimony "assist" the jury. Here, the jury is fully equipped to "contextualize" the expert testimony and the documentary record, including the communications that the government will seek to rely on. The jury is not assisted in evaluating expert testimony and documentary evidence —which is not an economic analysis—by an economics professor. Professor Shapiro would, in essence be, "articulat[ing] and appl[ying] the relevant law," since such testimony "circumvents the jury's decision-making function by telling it how to decide the

2

case." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1993); *accord, Abraham v. WPX Prod. Prods., LLC,* 184 F. Supp. 3d 1150, 1204 (D.N.M. 2016). *See also United States v. Simpson*, 7 F.3d 186 (10th Cir. 1993) ("the rules do not allow an expert to offer 'testimony that merely tells the jury what result they should reach or testimony phrased in terms of inadequately explored legal criteria.' . . . on the grounds that [such testimony] states a legal conclusion, usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law.") (citations and internal quotation marks omitted).

An expert witnesses may not "testify as to their understanding of the law" at least because their explanation may be inaccurate. *See Burkhart v. Washington Metro. Area Transit Auth.,* 112 F.3d 1207, 1213 (D.C. Cir. 1997) (and noting, "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards") (citation omitted). And "[t]he admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case." *Marx & Co. v. Diners' Club Inc.,* 550 F.2d 505, 509-510 (2d Cir. 1977) (and finding error in decision to permit qualified securities expert to construe the contract at issue and render "conclusions as to the legal significance of various facts adduced at trial").

In short, Professor Shaprio is an economist and it is improper for him to "contextualize" defendants economic analysis by simply arguing that it is "irrelevant" because the jury should consider purportedly "collusive communications." The government is permitted to make that argument to the jury, but it is not entitled to have a professor put his stamp of approval on that legal argument and weighing of the facts because it would usurp this Court's role as the arbiter of law, would not be helpful to the jury under Rule 702, would in fact confuse and mislead jurors

as to the constitutional requirements of proof, and would be (at best) an irrelevant waste of time under Rules 401-403.

## II. Specific Objections To Professor Shapiro's Proposed Rebuttal Testimony Of Defense Experts Professors Wayne Guay and Jada Thompson

Defendants object to Professor's Shapiro's intended rebuttal to the testimony of defense experts Professor Jada Thompson and Professor Wayne Guay. While Professor Shapiro is an economist who has spent decades teaching, writing, and lecturing about antitrust, he lacks the requisite "scientific, technical, or other specialized knowledge" to assist the jury in understanding the evidence or determining a fact at issue, FRE 702(a), relating to the testimony of Professors Thompson and Guay.

Professor Guay is an expert in employee compensation who has been on the faculty of the Wharton School of Business at the University of Pennsylvania since 1997. Professor Guay specializes in the study of employee compensation, incentives, and corporate governance, and in examining how the pay of individuals and the structure of their organization provides them with incentives that influence their behavior.

Professor Thompson is an expert in livestock economics and animal health with an emphasis on the poultry industry. She has published dozens of peer-reviewed articles in leading agriculture and livestock economics journals. She has given dozens of invited presentations on the topics of poultry production and poultry trade dynamics, and poultry disease outbreaks.

Professor Shapiro has no discernable expertise or experience in executive compensation, livestock economics, or the poultry industry. As a result, Professor Shapiro lacks the expertise to rebut the opinions of Professors Guay and Thompson and he cannot rely on his general expertise as an economist in antitrust matters to carry the day.

"Though a proffered expert possesses knowledge as to a general field, the expert who lacks specific knowledge does not necessarily assist the jury." *City of Hobbs v. Hartford Fire Ins. Co.,* 162 F.3d 576, 587 (10th Cir. 1998) (citing *Broadcort Capital Corp. v. Summa Medical Corp.,* 972 F.2d 1183, 1195 (10th Cir.1992) (affirming preclusion of expert with general experience and education in securities law, but no experience in representing large brokerage houses, clearing corporations, or transfer agents). *Accord*, *Taber v. Allied Waste Sys., Inc.,* 642 F. App'x 801, 807 (10th Cir. 2016); *Rodgers v. Beechcraft Corp.,* 759 F. App'x 646, 658 (10th Cir. 2018).

A proposed expert's testimony must therefore fall "within the reasonable confines of [the witness's] expertise." *Conroy v. Vilsack,* 707 F.3d 1163, 1168-1169 (10th Cir. 2013) (citations omitted) (due to witness's lack of specialization in the particular topic, "the court correctly looked to whether [it] was 'within the reasonable confines' of [her] expertise") (citations omitted). *Accord*, *Rodgers, supra; Taber, supra.*

Put another way, "[t]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *In re Williams Sec. Litig.*, 496 F. Supp. 2d 1195, 1232 (N.D. Okla. 2007) (quoting *Berry v. City of Detroit,* 25 F.3d 1342, 1351 (6th Cir.1994)), *aff'd sub nom. In re Williams Sec. litigation-WCG Subclass*, 558 F.3d 1130 (10th Cir. 2009). Because "the expert's qualifications must be both (i) adequate in a general, qualitative sense (*i.e.,* "knowledge, skill, experience, training or education" as required by Rule 702) and (ii) specific to the matters he proposes to address," a court may assess the proposed expert's qualifications "only after the

5

specific matters he proposes to address have been identified." *Id.* (citing *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965 (10th Cir. 2001)).

In *In re Williams Sec. Litig.,* 496 F. Supp. 2d 1195, the Court concluded that proposed expert Mathis, despite his impressive credentials and, "[t]o put it mildly. . . substantial experience in the business world"—including substantial experience in discounted cash flow analysis—lacked the "*specific* qualifications" required to conduct the particular analysis at issue. The Court ruled that "Mr. Mathis, though clearly possessing the *general* qualifications required to perform a discounted cash flow analysis", lacked the "*industry*-specific qualifications" required, in light of "the numerous financial, accounting and business judgments" (i.e., "industry-dependent judgments") involved in the complex discounted cash flow analysis at issue. The Court precluded Mathis because he lacked "the industry-specific expertise necessary to make the numerous judgments which had to be made in order to generate the inputs" for the discounted cash flow analysis at issue. *Id.* at 1243-45 (all emphasis in original).

Professor Shapiro lacks the qualifications to offer rebuttal testimony in response to the testimony of Professors Thompson and Guay. He is devoid of expertise or experience in executive compensation, livestock economics, and the poultry industry. Moreover, nothing in the government's disclosure reflects that Professor Shapiro's proposed testimony is based on sufficient facts and data, Rule 702(b), or is the product of principles and methods, Rule 702(c), or that "the expert has reliably applied the principles and methods to the facts of the case," Rule 702(d). The government's disclosure of Professor Shapiro falls short of satisfying each of these requirements

Rule 702 requires the proponent to establish that all admissibility requirements are met. *See Bourjaily v. United States*, 483 U.S. 171 (1987); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (setting forth non-exclusive list of factors for assessing reliability of scientific expert testimony); *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999) (factors may apply to non-scientific testimony). Because the government has failed to meet its burden with respect to Professor Shapiro's proposed rebuttal testimony of Professors Thompson and Guay, the Court should prohibit the government from having Professor Shapiro rebut any of the testimony and opinions of Professor Thompson and Guay.

For all of the reasons stated above, the Defendants submit the foregoing objections to the testimony of the government's proposed rebuttal expert Carl Shapiro.

Respectfully submitted this 6th day of October, 2022,

/s/ Kristen M. Frost
Kristen M. Frost
Patrick L. Ridley
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Fax: (303) 629-9702
ridley@ridleylaw.com
frost@ridleylaw.com
*Attorneys for Mr. Stiller*

/s/ D. Jarrett Arp
D. Jarrett Arp
Paul J. Nathanson
Uzo Asonye
Davis Polk & Wardwell LLP
901 15th Street NW
Washington, DC 20005
(202) 962-7150
jarret.arp@davispolk.com

>
> Tatiana R. Martins
> Greg D. Andres
> Davis Polk & Wardwell LLP
> 450 Lexington Avenue
> New York, NY 10017
> (212) 450-4085
> tatiana.martins@davispolk.com
> *Attorneys for Mr. McGuire*

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of October, 2022, I electronically filed the foregoing **DEFENDANTS' JOINT OBJECTIONS TO THE TESTIMONY OF GOVERNMENT REBUTTAL EXPERT CARL SHAPIRO** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

                                                                        *s/ Kristin McKinley*
                                                                         Kristin McKinley