IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.**      **JASON MCGUIRE,**
**2.**      **TIMOTHY STILLER,**

      Defendants.

---

**DEFENDANTS' JOINT MOTION IN LIMINE TO PROHIBIT THE SUPERSEDING INDICTMENT FROM GOING TO THE JURY**

---

Defendants Jason McGuire and Timothy Stiller, by and through undersigned counsel, respectfully submit this motion to prohibit the Superseding Indictment from being submitted to the jury.

**ARGUMENT**

The Court should exercise its discretion to refrain from providing the jury with the Superseding Indictment returned against Messrs. McGuire and Stiller, ECF No. 102 (July 12, 2022), as Chief Judge Brimmer did in the *Penn* trials. There, Chief Judge Brimmer ruled: "[t]here is no reason to provide the indictment to the jury, but there is a reason not to, namely, the danger of unfair prejudice given the argumentative nature of the indictment." *United States*

1

*v. Penn*, 20-cr-152-PAB, ECF No. 603 at 9 (Oct. 7, 2021);[1] *see United States v. Skolek*, 474 F.2d 582, 586 (10th Cir. 1973) (collecting cases) (noting that the decision to send an indictment to the jury is within the discretion of the court).  The parties have conferred and the government opposes this motion.

Courts are reluctant to send an indictment to the jury when the indictment is "particularly argumentative."  *United States v. Reulet*, No. 14-cr-40005-DDC, 2016 WL 126355, at *7 (D. Kan. Jan. 11, 2016).  Many courts do not provide juries with "speaking" indictments such as the Superseding Indictment at issue here.[2]  Indeed, many courts do not provide the indictment to the jury as a matter of course.[3]

Like the indictment in *Penn*, the indictment here does not track the statutory language and allege only the elements of the charged offense, nor does it give a concise factual statement

---

[1] The antitrust count in *Penn* tracked most of the same episodes at issue here. *See* Superseding Indictment ¶¶ 1–145, *Penn*, ECF No. 101 (Oct. 6, 2020).  Indeed, the government has represented on numerous occasions that the *Penn* and *McGuire* cases involve the same alleged conspiracy. *E.g.*, Gov. Mot. for Leave to File Sur-Reply in Opposition to Def. McGuire's Mot. to Dismiss the Indictment or for Severance at 9, ECF No. 97-1 (June 2, 2022) (citing a jury instruction in Penn as "instructing the jury to determine whether a single overarching conspiracy—the same conspiracy charged here—existed").

[2] *See United States v. Le*, No. 13-cr-295-WJM, 2014 WL 1882111 (D. Colo. May 12, 2014) (noting the government's characterization of an indictment that "contains an introduction, description of the parties, and list of overt acts for the charges" as a "speaking indictment").

[3] *See, e.g.*, *United States v. Ganesh*, No. 16-cr-211-LHK, 2018 WL 2763321, at *10 (N.D. Cal. June 8, 2018) ("[T]he Court's practice is not to send the indictment into the jury room during deliberations *and* not to read the indictment to the jury." (emphasis in original) (internal quotations omitted)); *United States v. Tuzman*, 301 F. Supp. 3d 430, 454 (S.D.N.Y. 2017) (noting that it is not the "Court's practice to give 'speaking' indictments . . . to the jury"); *United States v. Cadden*, No. 14-cr-10363-RGS, 2016 WL 1948832, at *8 (D. Mass. May 3, 2016)  ("[A]s is its practice in the case of 'speaking' indictments, the court will not have the indictment read to the jurors, nor will the jury be given a copy for its perusal during their deliberations."); *United States v. Monserrate*, No. 10-cr-965-CM, 2011 WL 3480957, at *3 (S.D.N.Y. Aug. 4, 2011) ("[I]t is not the Court's practice to read (or allow the Government to read) the indictment to the jury or to provide a copy of the indictment to the jury for their deliberations."); *United States v. Butler*, 351 F. Supp. 2d 121, 124 (S.D.N.Y. 2004) ("It is not the usual practice of this Court to provide the jury with a copy of the indictment in any event, and if it should be appropriate to give a copy of the indictment to the jury in connection with their deliberations, that copy can be redacted according to the charges, allegations, and evidence that remain relevant in light of the entire trial.").

of the alleged conspiracy. Instead, the indictment's 151 paragraphs are rife with arguments of the sort that would be presented in a closing argument, advancing inferences to claim that various episodes are part of the charged conspiracy. For example, the Superseding Indictment alleges that:

> [I]t was further part of the conspiracy that [Defendants] . . . utilized that continuing network to reach agreements and understandings to submit aligned—though not necessarily identical—bids and to offer aligned—though not necessarily identical—prices . . . [and] to participate in conversations and communications relating to non-public information such as bids, prices, and price-related terms . . . .

*Id.* ¶ 57(a)–(b).

Moreover, the risk of prejudice here goes well beyond the speaking nature of the Superseding Indictment. Two of the defendants and six of the fourteen episodes alleged as part of the charged conspiracy's manner and means are no longer part of this case. The government dismissed defendants Justin Gay and Wesley Scott Tucker on August 5, 2022, and the government's August 15, 2022 Bill of Particulars limited the government's case to a subset of the allegations set forth in the Superseding Indictment. ECF Nos. 124 (government's motion to dismiss Messrs. Gay and Tucker); 136-1 (Bill of Particulars). Presenting the jury with allegations related to dismissed defendants and abandoned factual episodes would be confusing to the jury and highly prejudicial to Messrs. McGuire and Stiller. And the use of a Superseding Indictment that redacted this substantial volume of allegations would not cure that confusion and prejudice, because it would invite the jury to speculate about the redacted material.

As Chief Judge Brimmer observed, there is no countervailing benefit to providing the jury with an indictment akin to the one at issue here, and thus no benefit to be weighed against the substantial risk of unfair prejudice to Messrs. McGuire and Stiller—risk here that is well in

excess of that at issue in *Penn*.  Finally, any concerns regarding educating the jury on the charges

and the elements of those charges may be fully addressed by the Court's Jury Instructions.

## CONCLUSION

For the reasons discussed above, the Court should prohibit the Superseding Indictment

from being submitted to the jury.

RESPECTFULLY SUBMITTED,

*/s/ D. Jarrett Arp*
D. Jarrett Arp
Paul J. Nathanson
Davis Polk & Wardwell LLP
901 15th Street NW
Washington, DC 20005
(202) 962-7150
jarrett.arp@davispolk.com

Tatiana R. Martins
Greg D. Andres
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4085
tatiana.martins@davispolk.com

*Attorneys for Mr. McGuire*

*/s/ Kristen M. Frost*
Kristen M. Frost
Patrick Ridley
Ridley McGreevy & Winocur PC-
Denver 303 16th Street, Suite 200
Denver, CO 80202
(303) 629-9700
frost@ridleylaw.com

*Attorneys for Mr. Stiller*

5

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) for Criminal Cases.

By:   */s/ D. Jarrett Arp*
        D. Jarrett Arp

## CERTIFICATE OF SERVICE

I hereby certify that, on this eleventh day of October, 2022, I caused the foregoing

document to be electronically filed with the Clerk of Court for the United States District Court

for the District of Colorado by using the CM/ECF system, which will serve electronic

notifications of this filing on all counsel of record.


Respectfully submitted,


*/s/ D. Jarrett Arp*
D. Jarrett Arp
Davis Polk & Wardwell LLP
901 15th St, NW
Washington, DC 20005
(202) 962-7150
jarrett.arp@davispolk.com

*Attorney for Mr. McGuire*

6