IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(1) JASON McGUIRE; and
(2) TIMOTHY STILLER,

    Defendants.

## ORDER DENYING JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

Defendants request an additional four peremptory challenges in jury selection. Since the circumstances of this case do not justify deviating from safeguards in the Federal Rules of Criminal Procedure, their motion is denied.

Fed. R. Crim. P. 24(b)(2) provides that "[t]he government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year." "The court *may* allow additional peremptory challenges to multiple defendants." Fed. R. Crim. P. 24(b) (emphasis added). "[T]here is no freestanding constitutional right to peremptory challenges." *Rivera v. Illinois*, 556 U.S. 148, 157 (2009). Rather, peremptory challenges are "a creature of statute." *Id.*

Defendants offer 5 justifications for additional peremptory challenges: (1) "there are two Defendants and multiple different charges in

this case;" (2) "[t]he primary charge involves complex factual allegations;" (3) "the underlying law is also complex;" (4) "there is an obvious and significant risk of confusion and possibly anger by members of the jury pool;" and (5) "the risk of bias and misplaced anger has been exacerbated by the government's public statements and the media's accusatory coverage." (Doc. 178 at 3-5.)

Rule 24(b) establishes a general rule that joint defendants should receive a combined 10 peremptory challenges. Absent exceptional circumstances, there is no need for courts to deviate from this rule—especially in the absence of a constitutional right to peremptory strikes. Defendants draw the court's attention to a range of difficulties, but those do not rise to the exceptional level that would warrant more than 10 peremptory challenges. Courts routinely adjudicate multi-defendant prosecutions involving more complex law and facts and where the defendants have greater notoriety. The two remaining defendants have not shown that their reasons for exercising a peremptory challenge would frequently differ from their co-defendant's, and they have not raised an adequate justification for departing from Rule 24(b).

## CONCLUSION

It is ORDERED that Defendants' Joint Motion for Additional Peremptory Challenges (Doc. 178) is DENIED.

DATED: October 14, 2022  BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge